## WILLIAM R. GAY *versus* WILLIAM BRADSTREET & *al.*

Trespass *quare clausum* does not lie against a street commissioner duly authorized by a city council, to construct a street within their jurisdiction, laid out by their action, and upon a petition in legal form.

If the acts of the council in such a case are erroneous, they can only be vacated by *certiorari.*

Evidence that individual members of the council voted in favor of the street, because a party interested had tendered a bond that he would pay the costs and damages, would be insufficient to support an action of trespass.

If public convenience and necessity require the laying out or alteration of a way, it is immaterial at whose expense it is made, or that private individuals contribute to relieve the public burthens.

TRESPASS *quare clausum.* The defendants pleaded the general issue, with a brief statement justifying their acts as performed under the orders of the city council of Gardiner.

The proceedings of the city council, authorizing the extension of the street, were in evidence. It was admitted that a part of the street in question crossed the plaintiff's land, below high water mark, but not below low water mark.

The plaintiff offered to prove that, in each branch of the city council, before the vote was taken on the acceptance of the street, a bond was exhibited, signed by William Bradstreet, and running to the city of Gardiner, in the sum of $3000, conditioned to indemnify the city for all costs and damages that might be incurred by the location and making of the street; and further offered to prove, by three members of the city council, that they voted for the street solely in consideration of the bond being given and to be held by the city, and would not have voted for it otherwise. This testimony was excluded.

It was admitted that Bradstreet paid to the city treasury $850, being the damages awarded to the plaintiff; and that this sum was tendered to the plaintiff, and refused by him.

The case was withdrawn from the jury, to be submitted to the full Court. If the Court should be of opinion that the plaintiff cannot contest, in this form, the validity of the action of the city authorities, and that the evidence offered and excluded, so far as admissible, would not authorize him to contest the said action, the plaintiff is to be nonsuit. But, if the acts of the city council do not furnish a justification for the defendants, they are to be defaulted. If the evidence excluded is admissible, and would, with the other evidence in the case, authorize the jury to find for the plaintiff, and if such finding would defeat the justification set up, the case is to be sent back for trial.

The case was elaborately argued, but, as the decision turned mainly upon a single point, the arguments are not fully reported.

*L. Clay*, for the plaintiff, contended that the city council had no authority to locate any part of a road below high water mark of a navigable river. Neither County Commissioners, nor city or town authorities, can lay out roads or highways over tide waters, or wharves upon a navigable stream, without special authority from the Legislature. *Kean* v. *Stetson*, 5 Pick., 492; *Charlestown* v. *County Commissioners*, 3 Met., 202; *Marblehead* v. *County Commissioners*, 5 Gray, 451; *State* v. *Anthoine*, 40 Maine, 435.

It is true that § 7 of the charter of the city of Gardiner provides that any highway, town-way or bridge located in said city, between high and low water mark, shall be deemed to be legally established; but this can only be construed to imply that the city council shall have all the authority vested in selectmen of towns and County Commissioners; otherwise, the power of the city council over tide waters would be unlimited.

In this case the proceedings are defective,—the *petition*, in not stating the *termini* of the proposed road. *Com.* v. *Coombs*, 2 Mass., 490; *Sumner* v. *County Commissioners*, 37 Maine, 112; *Southard* v. *Ricker*, 43 Maine, 575. The *notice* is not in accordance with the petition. *Dwight* v.

*Springfield*, 4 Gray, 107 ; *Com.* v. *Cambridge*, 7 Mass., 158 ; *Gloucester* v. *County Commissioners*, 3 Met., 379 ; *Livermore* v. *County Commissioners*, 11 Maine, 275 ; *Wiggin* v. *Exeter*, 13 N. H., 304.

Unless the records' show that all the proceedings have been in conformity to the statute, they are entirely void ; and this may be shown in an action of trespass as well as upon *certiorari*. *Haywood* v. *Charleston*, 34 N. H., 23 ; *State* v. *Richmond*, 6 Foster, (N. H.,) 239 ; *Barnard* v. *Haworth*, 9 Indiana, 103 ; *Guptail* v. *Taft*, 18 Illinois, 365 ; *Pritchard* v. *Atkinson*, 3 N. H., 335.

Another fatal defect is, that there was no adjudication of the city council, prior to the location, that the way was required by common convenience and necessity. Until such adjudication, the council had no jurisdiction, and this may be shown collaterally in an action of trespass. *Parks* v. *Boston*, 8 Pick., 217 ; *Com.* v. *Egremont*, 6 .Mass., 490 ; *Danvers* v. *County Commissioners*, 2 Met., 185 ; *Small* v. *Pennell*, 31 Maine, 268 ; *Bethel* v. *County Commissioners*, 42 Maine, 478.

This is a town-way, and not a highway or public road ; and in respect to such ways, it has been uniformly held that trespass is the only remedy, and that *certiorari* will not lie. *Baker* v. *Runnells*, 12 Maine, 235 ; *Harlow* v. *Pike*, 3 Maine, 438 ; *Todd* v. *Rome*, 2 Maine, 55 ; *Robbins* v. *Lexington*, 8 Cush., 292.

The fact that Bradstreet, and not the city, was to pay all damages and expenses, appears to have been the inducement for the location of the street. It has been settled in Massachusetts, that where there has been no adjudication that the public convenience and necessity require the establishment of a road, and where offers of indemnity by private individuals have a controlling influence, the proceedings are unauthorized and void. *Com.* v. *Cambridge*, 7 Mass., 167 ; *Com.* v. *Sawin*, 2 Pick., 547 ; *Parks* v. *Boston*, 8 Pick., 217. So in New Hampshire, *Dudley* v. *Cilley*, 5 N. H., 558 ; *Gurnsey* v. *Edwards*, 6 Foster, 224. A conditional

Gay *v.* Bradstreet.

laying out of a town or private way is void. *Christ Church* v. *Woodward*, 26 Maine, 172.

*Danforth*, for the defendants.

The opinion of the Court was drawn up by

KENT, J. — This action is trespass *quare clausum*, and the trespass alleged is the entry on plaintiff's land, and the pulling down and destruction of certain buildings thereon. The defendants justify their acts on the ground, that whatever was done by them was necessarily, properly and lawfully done in the building or making of a street or road, legally located and established over the *locus in quo*, by the city of Gardiner.

The defendants to sustain their defence, offered certain records and proceedings of the city council of Gardiner, by which it appeared that, that body had undertaken to locate such a way, and had, after various proceedings, finally by vote, established the same.

The first question is, whether these proceedings gave jurisdiction to the city council, and, if so, whether any inquiry as to the regularity of these proceedings can be made in this action. It is insisted, that these proceedings, establishing the way, can only be annulled or vacated upon *certiorari*, and that, until thus vacated, they must remain valid and operative.

It was early settled in this State, that in case of a town way, laid out by the selectmen and accepted by the town, *certiorari* does not lie to quash the proceedings, and that the proceedings of the town in such a case may be examined and controverted in actions of trespass *quare clausum*. *Harlow* v. *Pike*, 3 Maine, 438; *Longfellow* v. *Quimby*,' 29 Maine, 202; *Robbins* v. *Lexington*, 8 Cush., 292.

It has also been decided in numerous cases in this State and Massachusetts, that the writ of *certiorari* will lie as to proceedings of Courts of Sessions and of County Commissioners in laying out and establishing roads. *Baker* v. *Runnels*, 12 Maine, 235; *Longfellow* v. *Quimby*, 29 Maine, 202.

The same cases also establish the doctrine that, until re-

versed or annulled, or vacated, the proceedings before such tribunals will remain valid and operative.

The case of *Baker* v. *Runnells*, 12 Maine, presented the question distinctly, whether in an action of trespass for breaking and entering a close, where the defence was (as in the case before us) that the entry was for the purpose of making a road, legally laid out by the then Court of Sessions, any defects, errors or omissions in the records of the laying out could be inquired into in the action of trespass. It was held that they could not be, and that the adjudication of that Court must be respected as operative until annulled or vacated on *certiorari*. See also *Todd* v. *Rome*, 2 Maine, 61.

The next question is, whether the same rule shall apply to proceedings of a city council, acting under a charter which gives to that body exclusive authority and power to lay out any new street, and to estimate damages, and, in other respects to be governed by the same rules and restrictions as are by law provided for regulating the laying out of public highways and repairing streets.

In the case of *Parks* v. *Boston*, 8 Pick., 217, it was decided that the power vested in the Mayor and Aldermen of Boston, to lay out or alter streets, whenever in their opinion the safety or convenience of the inhabitants shall require it, was *judicial* in its nature, and that a *certiorari* lies to remove the proceedings. In *Dwight* v. *Springfield*, 4 Gray, 107, it was held that the same rule applies to the proceedings of a city council, where the charter vests the power of laying out streets in such council.

The same doctrine is sustained, by necessary implication, in *Preble* v. *Portland*, 45 Maine, 241, where *certiorari*, in a case like the one before us, was sustained.

The city council of Gardiner acquired jurisdiction to authorize the commencement of their proceedings. This is all that is required. *Small* v. *Pennell*, 31 Maine, 267. The petition in this case asks the continuance of a street, from one place to another, both named, and declares that such a new way would be of great public convenience. The stat-

Gay *v.* Bradstreet.

ute, c. 18, § 1, only requires, that petitions to the County Commissioners should be in writing, and describe a way, and state whether its location, alteration or discontinuance is desired. The petition being sufficient, and having been received and acted on, jurisdiction attached. If subsequent acts are erroneous, they are valid until vacated by *certiorari*. What the decision of the Court may be, if the record is brought before us in that form, can only be known after an examination to ascertain whether there are substantial defects in the proceedings.

We do not think that the facts offered to be proved by plaintiff, if proved, would authorize him to deny the validity of those proceedings in this form of action. Nor do we see how these facts, if established, could authorize a jury, or the Court, to find such fraud, collusion and corruption in the city council as would require that the whole proceedings should be treated as null and void, on the ground of intentional fraud and corruption; which is the only ground on which we can be called to act in this form of action. It was held in *Parks* v. *Boston*, before cited, that the essential question is, whether public necessity and convenience required the laying out or alteration. If it did, it is immaterial at whose expense it was made. "A donation or contribution from individuals to relieve the burden upon the city, has no tendency to prove that the enlargement of the street was not a public benefit." We cannot nullify the solemn acts of a city government on the ground here assumed, because two or three members now are willing to declare that they voted in a particular way in consequence of a bond being filed.

Whether there is sufficient evidence in the records to show that the city council or its committee have ever declared that this street was of common convenience and necessity may be a question hereafter. We suspend all these matters, because in this action they are not properly before us.

*Plaintiff nonsuit.*

RICE, CUTTING, DAVIS and WALTON, JJ., concurred.