### D. W. PILLSBURY and others

*vs.*

### MAYOR AND ALDERMEN OF AUGUSTA.

Kennebec. Opinion February 5, 1887.

*Practice. Certiorari. Ways. Petitioners withdrawing and remonstrating. Railroads. Damages.*

*Certiorari* will not lie to quash the proceedings of the mayor and aldermen in discontinuing a portion of a street and thereby changing the course of travel, where they have acted upon a proper petition, although some of the petitioners may have withdrawn from the petition and remonstrated against the discontinuance before final action.

The legality of the proceedings is not affected by the fact that the railroad company, across which the street lay, was authorized by the city council to erect a stone wall along the west line of its land at the end of the street with stone steps for the use and convenience of foot passengers, thereby saving the city from any burden on account of such discontinuance.

Nor because no damages were assessed, or return made that none had been sustained.

ON report.

The opinion states the case.

The following is the petition and the final action of the mayor and alderman thereon.

(Petition.)

"To the Honorable Mayor and Aldermen of the City of Augusta:

"The undersigned taxpayers and citizens of Augusta, respectfully represent that Oak street, directly west of the railroad track, is very steep and narrow, and inconvenient and dangerous for public travel by horses and vehicles, on account of the natural formation of the rock which forms the earth's surface at that point; that it is necessarily expensive, difficult and almost

impossible to have the same kept safe and convenient at all times for travelers with teams; that Dickman street, having an easy grade, unites with Oak street near that point and affords convenient and ample access by teams to and from all points on Oak street; that it would be no injury to persons or property to have said street at the point between the railroad and the east line of Dickman street closed to travel with horses and teams.

"Your petitioners also represent that the sidewalk of said street at the point aforesaid (and westerly) is of wood, uneven, rotten and dangerous to foot travelers, and of a steep grade, and ought to be entirely rebuilt of granite, and its grade made easier and the foot path wider.

"Therefore your petitioners respectfully ask that you cause the portion of Oak street which lies westerly of the railroad track and easterly of Dickman street, to be closed to travel by horses and teams, so that it will be practicable to widen and improve the sidewalk in a permanent manner, and as in duty bound will ever pray.

"E. E. Myrick, and sixteen others."

"Voted, That any matter relative to damages in case of the discontinuance of Oak street, be referred to the committee on new streets, to report at the next meeting of the board.

"Ordered, That course of public travel on Oak street for horses, teams and carriages, shall be changed at the east line of Dickman street, extended northerly to a point twelve feet south of the north line of Oak street and turned into Dickman street, and that that part of Oak street from said extended line easterly to the west rail of the railroad track, be closed to public travel for horses, teams and carriages.

"Ordered, That the Maine Central Railroad be, and hereby are, authorized to erect a stone wall from the east line of Dickman street, extending northerly to a point twelve feet south of the north line of Oak street, and to erect stone steps on said point from twelve feet south of the north line of Oak street to the north line of said street, provided they will remove the brick water tank now standing near the foot of Oak street, and keep the stone steps to the sidewalk covered with planks or boards in

the winter, so as to make it safe and convenient for foot travel.

" Said wall to be built under the direction of the street commissioner, mayor, and committee on highways."

*S. and L. Titcomb*, for the plaintiffs.

The order provided that the course of public travel under certain specified conditions should be changed, and that a portion of the street should be closed — as it was closed — to public travel for horses, teams and carriages. The conditional discontinuance of this portion of the street, as specified in the report of the committee and acceptance, is illegal and void. *Christ Church* v. *Woodward*, 26 Maine, 172; *State* v. *Calais*, 48 Maine, 456.

A part of the action of the Board of Aldermen being void and not authorized by or conformable to the petition, the whole must be quashed. *Dwight* v. *City of Springfield*, 4 Gray, 110; *Commonwealth* v. *West Boston Bridge*, 13 Pick. 195.

When an alteration is made in an existing highway by lawful authority, it operates *ipso facto* as a discontinuance of so much of the old way as lies between the two points where the alteration begins and ends. *Cyr* v. *Dufour*, 68 Maine, 499; *Commonwealth* v. *Cambridge*, 7 Mass. 165; *Same* v. *Inh. of Westborough*, 3 Mass. 407.

In *Commonwealth* v. *Coombs*, 2 Mass. 493, no damages were assessed, nor was there any return that none had been sustained. This objection and several others, were considered fatal. The court say, " The proceedings must necessarily be quashed, as they can not be supported against either of these exceptions."

The answer does not deny, and the record shows, that the orders of the mayor and aldermen did provide for a conditional adjustment with the Maine Central Railroad Company, which was accepted by that company, and the wall built, etc., in accordance therewith. This action was unauthorized and illegal. *Christ Church* v. *Woodward*, 26 Maine, 180.

By the report of the committee it appears that nine of the seventeen original petitioners withdrew their names from the petition before the hearing. A majority of the petitioners having

thus withdrawn, no valid action could subsequently be had thereon. This fatal defect is not cured by the allegation in the answer, that before final action was taken on the petition it included twenty-two persons, and that a majority of said signers (the twenty-two) which must have included eight only (a minority) of the original signers, and fourteen new signers, thus making a new petition, upon which no notice as required was given, and upon this new petition, upon which notice had never been given, and not upon the old petition, thus withdrawn by the action of a majority of the original signers, the final action referred to in the second specification of the answer, was taken.

No extrinsic evidence, *dehors* the record, can be introduced, and the allegations in the answer of the respondents setting forth new facts, are irregular, and can not control the record. *Charlestown* v. *Co. Com'rs of Middlesex*, 109 Mass. 270 ; 5 Allen, 16.

*Baker, Baker and Cornish*, for the defendants.

Answer conclusive as to facts. *Farmington River Co.* v. *Co. Com.* 112 Mass. 206 ; *Great Barrington* v. *Co. Com.* 112 Mass. 218 ; *Tewksbury* v. *Co. Com.* 117 Mass. 563.

A way may be discontinued in part. *Vassalboro', Pet'rs*, 19 Maine, 338 ; *Jones* v. *Portland*, 57 Maine, 42.

Streets may be laid out at any width. *Baldwin* v. *Bangor*, 36 Maine, 518 ; see *Cassidy* v. *Bangor*, 61 Maine, 434.

Proceedings not affected because the railroad bore the expense. *Parks* v. *Boston*, 8 Pick. 218 ; *Copeland* v. *Packard*, 16 Pick. 217 ; *Crocket* v. *Boston*, 5 Cush. 182 ; *Gay* v. *Bradstreet*, 49 Maine, 580 ; *Coombs* v. *Co. Com.* 68 Maine, 484 ; see *Smith* v. *Boston*, 7 Cush. 255 ; *Castle* v. *Berkshire*, 11 Gray, 26 ; *State* v. *Brewer*, 45 Maine, 606 ; *Hicks* v. *Ward*, 69 Maine, 436.

Granting a writ of certiorari is a matter of discretion. *Rand* v. *Tobie*, 32 Maine, 450 ; *Furbush* v. *Cunningham*, 56 Maine, 184 ; *Jones* v. *Portland*, 57 Maine, 42 ; *Levant* v. *Co. Com'rs*, 67 Maine, 429 ; *Hayford* v. *Co. Com'rs*, 78 Maine, 153.

FOSTER, J.    Petition for certiorari to quash the proceedings of the mayor and aldermen of the city of Augusta in discontinuing

a portion of Oak street, and thereby changing the course of travel through Dickman street, on account of certain alleged errors and defects in the records relating to such proceedings.

The case comes before the court upon report of the petition and answer, no evidence having been taken on either side.

Nine errors are assigned. The second is not insisted upon, and the remainder, several of which relate substantially to the same objection, may be grouped into three classes.

1. The cause first assigned is that a majority of the original petitioners for the discontinuance and change of the course of travel of the street in question, withdrew their names from the petition, and remonstrated against the same before final action taken by the municipal authorities of the city.

Assuming this to be true as claimed by these petitioners, we do not think this is error. The petitioners in the proceedings were citizens of Augusta, and the petition related to a subject matter over which the city council had jurisdiction. It is not suggested that the petition was not in due form. Its object was to call the attention of the city council to the suggested change. It gave them jurisdiction over the subject matter, and jurisdiction having attached, it was then in their province to determine what changes, if any, in accordance therewith, public convenience required. Although the petitioners might deem it for the best interests of the public that certain changes should be made, the council were not necessarily to be governed by their suggestions. While the petitioners might consider it proper that the discontinuance and change suggested by them should be made, the city council were possessed of discretionary powers, and were to be governed not particularly by the number of names upon the petition, or the statements set forth in it, but upon evidence adduced at the hearing, and whose decision was to be rendered upon what might be considered by them to be for the public good. The petition having been received, afforded the proper basis for an investigation in relation to what the public interests might seem to demand, rather than for the purpose of superseding their discretion. *Cassidy* v. *Bangor*, 61 Maine, 440. Consequently, jurisdiction having once attached, the mere question

of numbers does not become essential to the validity of the proceedings.

2. The second class of errors alleged is, that the discontinuance was conditional; that the Maine Central Railroad was authorized to erect a stone wall across a portion of the street, and that the action of the municipal authorities of the city in thus authorizing this erection, based their adjudication in reference to the discontinuance and change upon a contemplated bargain with said railroad, and not upon public convenience and necessity, thereby benefitting individuals, or a corporation, to the detriment of the public, and especially of those residing upon said street.

A copy of the records of the city council in relation to the whole proceedings, has been laid before the court in the answer of the respondents. Not having been annexed to the petition, these copies properly form a part of the respondents' answer, which, so far as it relates to the record in question, is in the nature of a return of the doings of the city council, and is conclusive of the facts set forth in such record. *Levant* v. *Co. Commissioners*, 67 Maine, 435; *Tewksbury* v. *Co. Commissioners*, 117 Mass. 564; *Fairbanks* v. *Fitchburg*, 132 Mass. 43.

From an inspection of those records, we are satisfied that the action of the city council was neither conditional, nor based upon any bargain with the railroad. We are to assume that the records speak the truth. We must take them as they appear. The petition for the proposed discontinuance and change contains no reference to any action on the part of the railroad. Upon that petition due notice was given, a hearing had, and the discontinuance was ordered and effected. The order passed by the city council appears to be in the most explicit terms — is absolute and unqualified, and based upon no condition or bargain. The recommendation of the committee of the board, it is true, states that they believe the public interests demand the alteration, as prayed for by the petitioners, provided Dickman street is improved and graded. But this was a statement in their report to the board, and was not the final action of the council in the discontinuance of the portion of the street in question. It by no means establishes

the fact that the discontinuance was conditional. In the same report, the committee before whom the hearing was had, state that the street was not used to any extent as a highway for horses, teams and carriages, on account of the great ascent which made it dangerous in its abrupt approach upon the railroad crossing, and that it could not be graded without great expense to the city, as well as injury to the property of the residents upon it. That report negatives the claim set up in relation to any bargain or offer on the part of the railroad company, and asserts in positive terms that public convenience and necessity demanded the alteration.

But the records show that at the same meeting at which final action was taken and the discontinuance was effected, another order was also passed authorizing the railroad company to erect a stone wall along the west line of the railroad, across a portion of the street, with stone steps twelve feet in width, to be covered with boards in the winter season, for the use and convenience of foot passengers. This wall was to be built under the direction of the street commissioner, mayor and committee on highways.

The effect of this order was that the railroad company, by being authorized to construct the wall, bore the expense attendant upon the discontinuance, and thereby saved the city from any burden on that account.

The legality of the proceedings were not affected by this fact. The same question came before the court in Massachusetts in the case of *Parks* v. *Boston*, 8 Pick. 218, in which the court meet the objection in these words : "If the public necessity and convenience required the alteration, it is immaterial at whose expense it was made. A donation or contribution from individuals to relieve the burden upon the city, has no tendency to prove that the enlargement of the street was not a public benefit. It is not material at whose expense such are laid out or altered." The same doctrine has been laid down in this state in the case of *Gay* v. *Bradstreet*, 49 Maine, 580, and in *Coombs* v. *Co. Commissioners* 68 Maine, 484.

3. The last assignment of error is that no damages were assessed, nor return made that none had been sustained, although

by a vote at a meeting prior to that upon which final action was taken, all matters relating to damages were referred to a committee who were requested to report at the next meeting of the board.

It has been decided in several cases that the proceedings in relation to the discontinuance of ways are not affected on account of there being no determination in relation to damages, and nothing done upon that subject. *Howland* v. *Co. Com.* 49 Maine, 143; *Hicks* v. *Ward*, 69 Maine, 441. Nor do we think the present case is one which calls for any exception to the rule. The action of the city council appears to be based upon the ground of public convenience and necessity. In such cases, much must be left to the discretion of the tribunal whose province it is to determine those questions. Nothing appears from the records to show that they have not honestly exercised that discretion, or that there has been such informality or illegality in the proceedings as to warrant this court in granting the prayer of these petitioners. *Bethel* v. *Co. Commissioners,* 60 Maine, 539.

*Writ denied with costs.*

PETERS, C. J., DANFORTH, VIRGIN and HASKELL, JJ., concurred.

LIBBEY, J., did not sit.