(59 App. Div. 97.)

RYAN v. PRESTON et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1 BICYCLES—SIDE PATHS—HIGHWAYS—ADDITIONAL BURDEN—COMPENSATION— CONSTITUTIONAL LAW—STATUTES.

Laws 1899, c. 152, as amended by Laws 1900, c. 640, authorizes the construction and maintenance of side paths for the use of bicycles along public roads and streets, and for the use of such paths by persons riding bicycles. Held, that providing such paths, and confining the use of bicycles thereto, for purposes of safety and convenience, does not impose an additional burden on the highway, and is not a use of the highway for which the abutting owner is entitled to compensation; hence such acts are not unconstitutional, as providing for taking private property without just compensation.

2. SAME—HITCHING HORSES.

Under Laws 1899, c. 152, § 6, as amended by Laws 1900, c. 640, providing that no person shall willfully stand, hitch, or drive any horse or other animals on any side path, except for the purpose of access to and egress from lands abutting on the highway, an abutting owner is not deprived of free passage to and from his property; and the acts are not unconstitutional because the use of the path may interfere to some extent with the practice of hitching horses, since there is no absolute right of obstructing travel on a highway by hitching horses thereon.

Appeal from special term, Suffolk county.

Action by Helene M. Ryan against Henry H. Preston and others. From a judgment dismissing her complaint (66 N. Y. Supp. 162), plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Frederick E. Crane, for appellant.

Timothy M. Griffing, for respondents.

HIRSCHBERG, J.  This action is brought against the bicycle side path commissioners for Suffolk county, appointed pursuant to the provisions of chapter 152 of the Laws of 1899, as amended by chapter 640 of the Laws of 1900.  The relief sought is a judgment declaring those acts unconstitutional and void, and enjoining and restraining the defendants from constructing and maintaining a side path on the South Country road, in or near Bay Shore, in Suffolk county, and upon which road the plaintiff is a resident and an abutting owner.  Whether the provisions of the acts which limit the use of the side paths to licensed bicycle owners are valid is not considered; the inquiry being confined to the allegations of the complaint to the effect that the plaintiff's property is taken without due process of law, and for a public use, without just compensation.  It can hardly be claimed that the bicycle adds an additional burden in the use of the highway.  Its status as a carriage or vehicle is now firmly established, and as such it is entitled to its place upon the public roadways.  In this state the right is confirmed by statute (chapter 704 of the Laws of 1887).  The case of the construction of a railroad, involving the exclusive use of a part of the road, for the benefit of a single individual or corporation, is not analogous.  Here the right to use the highway in front of the plaintiff's premises for general travel upon bicycles in common with other vehicles is undisputed, and the statutes complained of merely provide for a regulation requiring the bicycles to keep in a certain part of the road, for safety and convenience.  In itself, such a regulation no more imposes an additional burden upon the use of the highway, as affecting the rights of an abutting owner, than would a statute requiring all vehicles going in either direction to keep to the right.  If the acts are construed as giving bicycles the exclusive use of the side paths, the language of the learned trial justice at special term is apt and pertinent:

"If a portion of the highway may be appropriated as a sidewalk for the exclusive use of pedestrians, there seems to be no reason why another portion of the highway may not be appropriated for the exclusive use of bicycles." 66 N. Y. Supp. 162, 163.

Such use comes fairly within the reasoning in the case of Palmer v. Electric Co., 158 N. Y. 231, 52 N. E. 1092, to the effect that, notwithstanding the fee of the country highway remains in the abutting owner, the grant or dedication to public use impliedly contemplates such legitimate street uses as the public may require in the future, including such as tend only to "promote the comfort and safety of the traveling public."  In Cater v. Telephone Co., 60 Minn. 539, 63 N. W. 111, the adaptability of the public easement in highways to the requirements of improvement and invention was well expressed by Judge Mitchell as follows (page 543, 60 Minn., and page 116, 63 N. W.):

"If there is any one fact established in the history of society and of the law itself, it is that the mode of exercising this easement is expansive, developing and growing as civilization advances. In the most primitive state of society the conception of a highway was merely a footpath; in a slightly more advanced state, it included the idea of a way for pack animals; and next, a way for vehicles drawn by animals,—constituting, respectively, the 'iter,' the 'actus,' and the 'via' of the Romans. And thus the methods of using public highways expanded with the growth of civilization, until today our urban highways are devoted to a variety of uses not known in former times, and never dreamed of by the owners of the soil when the public easement was acquired. Hence it has become settled law that the easement is not limited to the particular methods of use in vogue when the easement was acquired, but includes all new and improved methods, the utility and general convenience of which may afterwards be discovered and developed in aid of the general purpose for which highways are designed."

The plaintiff is not deprived of access to her property. The provisions of the statutes which assume to prevent the willful leading, standing, hitching, riding, or driving of animals upon the side paths, expressly except "the purposes of access to, and egress from, lands abutting on the highway." There is nothing in the law prohibiting the plaintiff from access to her property over each and every foot of the highway in front of her place. It may be that the use of the side path will, as she complains, interfere to some extent with the practice of hitching horses; but no case is cited establishing the absolute right of obstructing travel upon a highway by hitching horses, and this feature of the law does not seem obnoxious to the spirit of any constitutional guaranty.

The judgment should be affirmed. All concur, except SEWELL, J., taking no part.