(74 App. Div. 86.)

O'DONNELL v. PRESTON et al., Sidepath Com'rs.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

1. SIDEPATHS—CONSTRUCTION—REMOVAL OF CURB—AUTHORITY OF COMMISSIONERS.

The sidepath commissioners of a county have authority to take up a curbstone and relocate it so as to make room for a sidepath along the sidewalk.

2. SAME—CONSENT OF ABUTTING OWNER.

Laws 1900, c. 640, § 2, providing that no sidepath shall be constructed on or along any regularly constructed sidewalk except with the consent of the abutting owner, does not require the abutting owner's consent to a sidepath without the sidewalk.

Appeal from special term, Suffolk county.

Injunction by Emma J. O'Donnell against Henry H. Preston and others, as sidepath commissioners of Suffolk county. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas J. Ritch, Jr., for appellant.
T. M. Griffing, for respondents.

JENKS, J. The plaintiff would enjoin the defendants, the sidewalk commissioners of Suffolk county, from construction or maintenance of any sidepath in front of her premises in the village of Port Jeffer-

son. I think that the learned special term (Wilmot M. Smith, J., presiding) was justified in finding that the plaintiff consented to the construction. She did object to the removal of the curbstone to the outside of the sidepath, but it appears that such curbstone was originally set at the expense of the Village Improvement Society, which consented to the removal; and I think, moreover, that the relocation thereof was within the control of the highway commissioners. The main contention of the learned counsel for the appellant is that the provision contained in section 2 of chapter 640 of the Laws of 1900, "no sidepath shall be constructed upon or along any regularly constructed or maintained sidewalk, except with the consent of the persons owning the abutting lands," makes the consent of the plaintiff a prerequisite to the construction of this sidepath. As it is undisputed that the sidepath is wholly outside of the sidewalk, it follows that such contention involves the proposition that the word "along" is synonymous with the word "alongside" or "adjoining." I think that the use of the word "along" in the phrase "upon or along" is to complete the idea of superimposition; for "upon" means "on," and a sidewalk presents the feature of length or extension, and I think that "along" is used in complement to that idea, as it means literally, "in line with, in connection with." Cent. Dict. In Pratt v. Railroad Co., 42 Me. 585, the court say: "Under the word 'along,' and as an adverb in Webster's Dictionary, is the following: 'Sax. and-lang, or ond-lang; Fr. au-long, le-long. See Long. The Saxons always prefixed 'and' or 'ond,' and the same sense seems to be by the length, or opposite the length, or in the direction of the length.'" In Heath v. Railway Co., 61 Iowa, 14, 15 N. W. 573, one provision of the ordinance authorized the construction of its road "along" an alley, and another provision a construction "on, over, and along," and the court held the words synonymous, and that in using the word "along" the ordinance did not authorize a construction "by the side of." I think, then, that the word should be read as referring only to construction within the lines of the sidewalk. To give "along," as used in this statute, the full force of "alongside of," is not to make it a synonym of another word, but is to disregard the force of a compound with the very same word, although such compound itself expresses the idea of locality, namely, beside, by the side of. Cent. Dict. In Arbenz v. Railroad Co., 33 W. Va. 1, 9, 10 S. E. 14, 17, 5 L. R. A. 371, it was held that the "word 'along,' used with reference to a street, could not, in their statute, mean 'along the side' of the street, because such meaning would confer no right whatever in respect to the street, but would leave the railroad to make its way through the adjoining lots, without the consent of the state or any aid from this statute." I think that the plain intent of the statute is to permit the construction of sidepaths within the lines of highways, and to limit their location within such lines, but not to permit construction upon any regular sidewalk, unless the abutting owner consent. The bicycle is to be regarded as a vehicle that may properly be used upon highways. Ryan v. Preston, 59 App. Div. 97, 69 N. Y. Supp. 100; 1 Thomp. Com. Neg. 1335, and authorities cited; Elliot, Roads & S., and authorities cited. In Ryan v. Preston,

supra, we held, per Hirschberg, J., that the bicycle does not impose an additional burden upon the highway, but that as a carriage or a vehicle it has place upon the public roadways; and that the statutes authorizing sidepaths within the lines of a highway are constitutional, in that they were regulations in the furtherance of the safety and convenience of the public. It is not to be assumed that the legislature would intend to make this regulation of the use of a highway in the interest of the public lawfully traveling thereon depend upon the consent of the adjacent property owner. There is no good reason for it, for it does not appear that any right of the abutting owner could be affected by requiring bicycles in the highway to be kept apart from other vehicles, instead of traveling on all parts of the highway. On the other hand, to permit any abutter, as such, to veto this regulation of public traffic within the lines of a public way, would put it within the power of an individual whose rights were not involved to defeat a measure adopted for the safety and convenience of the public. But there are obvious reasons for prohibiting the permanent invasion of the sidewalk by constructing thereon a way for vehicles which are classed with carts, wagons, or carriages, and the consequent destruction of the distinctive character of the sidewalk without the abutter's consent.

The judgment should be affirmed, with costs. All concur.