E. R. HITCHCOCK, APPELLANT, V. VALENTINE ZINK ET AL.,
APPELLEES.

FILED NOVEMBER 9, 1907.    No. 14,958.

1. Highways: IMPROVEMENT. A public road is for use by the travel-
ing public, and may be improved to accommodate footmen, as
well as those using it for teams, wagons or other vehicles.

2. ——: SIDEWALKS. A sidewalk constructed outside the traveled
way for teams, but within the boundaries of the road, does not
constitute an additional burden added to the easement possessed
by the public in the land over which the road passes.

3. ——: ——. The owner of the fee cannot complain that a side-
walk is being constructed along a public road by private parties,
where permission to build the walk has been granted by the
board of county commissioners.

APPEAL from the district court for Johnson county:
WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*George A. Adams* and *E. R. Hitchcock,* for appellant.

*S. P. Davidson* and *J. C. Moore, contra.*

DUFFIE, C.

The village of Sterling is located upon the eastern part
of section 26, township 6 north, of range 9 east, in John-
son county, Nebraska. For more than 20 years prior to
the commencement of this action there had been in use a
public road running east from the village of Sterling along
the east and west half section line of section 25, in said
township and range, and extending east for more than two
miles from the corporate limits of the village. The plain-
tiff and appellant is the owner of the southeast quarter of
the northwest quarter and the northeast quarter of the
southwest quarter of section 25; the road before mentioned
running between these two tracts. A burial ground,
known as the "Sterling Cemetery," is located on the road

just east of the plaintiff's north 40, and this cemetery has been in use for more than 20 years. The road in question is the only avenue leading from the village to the cemetery, and the evidence discloses that the road, for a part of the distance between the village and the cemetery, passes over low, wet ground, making it inconvenient, if not impassable, for footmen during a wet or rainy period. For the purpose of improving the road and beautifying the cemetery grounds, the ladies of Sterling and that vicinity organized themselves into a voluntary association (not incorporated), and procured from the board of county commissioners permission to build a sidewalk along said road from the corporate limits of the village to the west boundary line of the cemetery, on either side of said highway, and, if built on the south side, then north across the highway to the south line of the cemetery grounds. Acting on this permission, the association purchased material, and the defendants, acting in its behalf, were about to commence the construction of a sidewalk along the south side of the road, when the plaintiff brought this action, asking an injunction to prevent the improvement being made. Upon the trial of the case the plaintiff's petition was dismissed, and he has appealed to this court, alleging that the highway was never established by the public authorities or by any proceedings of record; that it is a highway by user only; that the ground taken by the walk is not, and never was, a part of the highway, never having been used by the traveling public, and never dedicated to public use.

In this connection, it is sufficient to say that in his petition he alleges that there is running through the plaintiff's land east and west, and near the center thereof, a public highway, and that defendants have commenced grading for and laying a brick and stone sidewalk "through said land on the south side of said highway, and are threatening to continue, and are continuing, to grade for and build said sidewalk by digging cuts, building grades and laying brick therein and thereon." Aside from the evidence

showing the use of this highway for 20 years and more is this allegation of the petition distinctly recognizing its character as a public road, and distinctly alleging that the walk complained of is being laid "on the south side of said highway," and that defendants "are digging cuts, building grades and laying brick therein and thereon." It is clear that the plaintiff is estopped by the allegations of his petition from denying the public character of the road, or claiming that the sidewalk is being constructed outside the limits thereof.

It is further urged that defendants are building this walk as private individuals and in a private capacity, and utterly without right or authority. The roads of this state are under the control and supervision of the board of county commissioners where located, and authority derived from such board to make improvements in the road which better accommodate public travel is a sufficient defense as against this claim. Acting by permission of the county authorities having charge of the road, the defendants must undoubtedly be regarded as agents of the county in making the improvement, and not as trespassers upon the highway.

It is also said that the walk obstructs the plaintiff's ingress and egress to and from his land, to his serious damage, and materially interferes with his use thereof. The rule is that, where an owner of land dedicates it to the public for a road or street, he impliedly grants the attendant right to make such use of it as shall suitably fit it for travel. *Warren v. City of Grand Haven,* 30 Mich. 24; *City of Boston v. Richardson,* 13 Allen (Mass.), 146. And "where land is seized under the power of eminent domain, compensation is measured upon the theory that the officers representing the public may so prepare and maintain it that the public may safely and conveniently use it as a passageway." Elliot, Roads and Streets (2d ed.), sec. 465. A public road is for the use of the public and may be used as the public convenience requires, either as a way for footmen or for driving purposes. The statutes of our

state require the public authorities to keep the roads in good repair and safe for use. There is no more objection to the improvement of a road for footmen than for the passage of vehicles, and the construction of a sidewalk along a public road is not an additional burden added to the easement which the public have acquired therein. In *Ryan v. Preston,* 69 N. Y. Supp. 100, it was held that a bicycle path along a public highway is not an additional burden. And in *Pillsbury v. Brown,* 82 Me. 450, 9 L. R. A. 94, the building of a sidewalk within the limits of a road established by prescription was held not to constitute a trespass. It has also been held that, if public necessity or convenience requires the improvement of a highway, it is immaterial at whose expense it is made. *Pillsbury v. Augusta,* 79 Me. 71; *Gay v. Bradstreet,* 49 Me. 580. If the improvement was negligently constructed to the injury of the plaintiff or his estate, he undoubtedly has a remedy for the wrong done him, but he cannot maintain an injunction against a proper improvement made upon a public highway. The complaint that the walk obstructs his ingress and egress to and from his land is fairly met, we think, by the evidence to the effect that the walk is no obstruction, and the defendants, during the building of the walk, offered to construct crossings at such points as the plaintiff might designate, which offer was refused upon the ground that defendants had no right to construct the walk and that this action was pending to enjoin the work of construction. We have no doubt of the right of the public authorities to improve the road in the manner complained of, or of permitting it being done by other interested parties. The walk is not an obstruction to public travel, but a great convenience to foot passengers. It does not constitute an additional burden upon the servient estate held therein by the plaintiff. He cannot complain of the improvement made, and can only insist that it shall not be done in a negligent or careless manner, to his injury.

We discover no error in the action of the district court,

and recommend an affirmance of the judgment appealed from.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is

AFFIRMED.