Iowa State Highway Commission, appellant, v. Fred Hipp, et al., appellees.

No. 52226.

DECEMBER 13, 1966.

Lawrence F. Scalise, Attorney General, Raymond T. Walton, Special Assistant Attorney General, L. Michael McGrane, Assistant Attorney General, and Gerald L. Shaffer, State Counsel, of Fort Dodge, for appellant.

Hobson, Cady & Drew, of Hampton, for appellees.

MOORE, J.—██ This is an appeal from the trial court's dismissal of plaintiff's petition asking declaratory judgment that its agents and employees have a right to enter upon the Wright County farms owned or occupied by defendants for the purpose of making surveys and investigations in contemplation of condemnation for highway purposes. Plaintiff also asked that defendants be enjoined and restrained from interfering with the making of such survey and investigation.

The trial court held plaintiff has no authority to enter upon defendants' realty and to do so would be a trespass. We agree.

The facts are not disputed. In connection with the pro-

posed construction of interstate 35 in Wright County, Iowa State Highway Commission engineers and employees went on the farmlands of defendants without obtaining permission and started making surveys, setting stakes, and doing whatever else was necessary. The farmers then stopped plaintiff's agents and employees and denied them access to the land. No condemnation proceeding had been instituted against any of the land owned or occupied by the various defendants.

The sole issue presented here is whether the right of entry onto real property, in good faith, for the purpose of making a preliminary survey and investigation is permitted as a necessary incident of the exercise of eminent domain by the State.

I. The question presented is new to this court. We are not considering the right to enter under police power, such as an entry to make an arrest, fight a fire or perhaps make an inspection to protect public health. We are asked only to determine whether the highway commission under the power of eminent domain granted to it may enter upon or explore land before proceedings to acquire it.

This question is the subject of an annotation in 29 A. L. R. 1409, where it is stated:

"The matter of the power to authorize temporary entries for the purpose of preliminary surveys, etc., before the commencement of proceedings to condemn land, is frequently mentioned in judicial opinions and in the textbooks; but there seem to be very few cases directly upon it. It will be seen that in at least one case (Marshall v. Niagara Springs Orchard Co. [1912], 22 Idaho 144, 125 Pacific 208) the position is taken that a body having the right of eminent domain, and being unable to get access to the land, might condemn as an easement the right to enter and make preliminary surveys, etc. * * * But upon what ground the right of entry is based, where it is granted for the purposes of a preliminary survey, etc., preceding condemnation proceedings, does not seem to be very definitely indicated by the courts.

"While there are but few cases which decide directly upon the merits the question of the power of the legislature to authorize a body having the power of eminent domain to enter upon

land for the purposes of preliminary surveys, etc., before commencement of proceedings to acquire it, there is an abundance of judicial opinion that the legislature has such power."

In Eminent Domain, Valuation and Procedure, the author, Alfred D. Jahr, in section 57, page 82, states: "In most states, prior to the condemnation of the particular property in question, the condemnor generally is given the right by statute to enter upon property for the purposes of making surveys, test borings and similar examinations. Such occupation of a temporary nature may be authorized by law provided no injury is caused to the private property owner; and provided further that within a reasonable time thereafter the condemnor actually condemns the property for public use. Any damage or injury to the property done during the temporary occupation, of course, is compensable but not in the condemnation proceeding. It is an action outside of the condemnation proceeding for such injury to real property. Furthermore, such temporary occupation must be of such a nature as to not constitute any appreciable interference with the possession of the land."

In 26 Am. Jur.2d, Eminent Domain, section 168, page 842, the editor states: "While there are but few cases which decide directly upon the merits of the question of the power of the legislature to authorize a body having the power of eminent domain to enter upon land for the purposes of preliminary surveys, etc., before commencement of proceedings to acquire it, there is an abundance of judicial opinion that the legislature has such power." See also 29A C. J. S., Eminent Domain, section 226a.

Appellant in its brief states the only case found which appears to be squarely on point with the case at bar is Thomas v. City of Horse Cave, 249 Ky. 713, 61 S.W.2d 601, in which it is held the right of entry upon property, in good faith, for the purpose of making a preliminary survey and investigation with the view of condemnation, is a necessary right and incident to condemnation.

At page 720 of 249 Ky., page 604, 61 S.W.2d, the Kentucky court states: "Counsel do not cite us to any authority, nor we know of none, conferring upon an individual holder of a franchise the right of preliminary survey and examination as an incident or right precedent to the institution of condemnation

proceedings, but the trend of authorities is to the effect that all corporations or persons possessed of the right of eminent domain are invested with the right and authority to enter upon private property for the purpose of making surveys preliminary to the institution of condemnation proceedings for the purpose of acquiring such property as may be necessary in the exercise of its franchise right." The court then cites and quotes authorities from other jurisdictions where railroads and other holders of special privileges of condemnation are apparently expressly granted the right to preliminary entry and therefrom concludes all holders of a franchise to acquire land by condemnation should have such a right. We are not impressed with this reasoning and conclusion.

II. Appellant endeavors to support its contention on the provisions of chapter 489, Code 1962, which provides for the franchising and granting the right of eminent domain for the erection of electric transmission lines. Section 489.14, as pertinent here, provides:

"Any person, company or corporation proposing to construct a transmission line or other facility which involves the taking of property under the right of eminent domain and desiring to enter upon the land, which it proposes to appropriate, for the purpose of examining or surveying the same, shall first file with the Iowa state commerce commission or with the county board of supervisors in the county the land is situated, a written statement under oath setting forth the proposed routing of the line or facility including a description of the lands to be crossed, the names and addresses of owners, together with request that a permit be issued by said commission or board of supervisors authorizing said person, company or corporation or its duly appointed representative to enter upon the land for the purpose of examining and surveying and to take and use thereon any vehicle and surveying equipment necessary in making the survey. * * *

"Any person, company or corporation that has obtained a permit in the manner herein prescribed may enter upon said land or lands, as above provided, and shall be liable for actual damages sustained in connection with such entry. An action in

.damages shall be the exclusive remedy." The same are found in section 489.15, Code 1966.

 These provisions seem to support appellees' rather than appellant's position. They recognize the need for statutory authority for preliminary entry and that actual damages result therefrom. Appellant's argument it should have the same right of entry as condemnors for electric transmission lines is a matter for the legislature and not this court.

Section 314.9, Code 1962, 1966, provides: "Prospecting for gravel. The board or commission in control of any highway or highway system, or the engineer or any other person employed by said board or commission, may after written notice to the owner and to the occupant, enter upon private land and make surveys, borings and excavations thereon, for the purpose of determining whether gravel or other material exists on said land of suitable quality and in sufficient quantity, to warrant the purchase or condemnation of said land or part thereof and roadway thereto to secure such material for the improvement or maintenance of such highway or highway system. Any damage caused by such entry, survey, borings and excavations shall be determined by agreement or in the manner provided for the award of damages in condemnation of land for highway purposes. No such prospecting shall be done within twenty rods of the dwelling house or buildings on said land without written consent of the owner."

Again the legislature recognizes the need for and grants permission to enter upon private land to make preliminary survey and examination and that damages result therefrom.

It must be noted the legislature also recognized the owner's or occupier's right of undisturbed possession and enjoyment of the dwelling and other buildings on the land. Appellant claims a greater right without any specific statutory authority.

Appellant also argues the provisions of chapter 355, Code 1962, 1966, which relates to land surveys by county surveyors, supports its position and relies on section 355.10, which provides: "Right to enter upon land. Any person employed in the execution of any survey authorized by the congress of the United States may enter upon lands within this state for the purpose of

exploring, triangulating, leveling, surveying, and doing any work which may be necessary to carry out the objects of then existing laws relative to surveys, and may establish permanent station marks, and erect the necessary signals and temporary observatories, doing no unnecessary injury thereby."

Permission to enter upon private land is specifically limited therein to persons employed in the execution of a survey authorized by the congress of the United States. Appellant makes no claim it was making such a survey.

The crux of appellant's argument is that with such statutes giving a right to preliminary entry to others it necessarily follows appellant is granted the same right as a necessary incident to its right of eminent domain. We are unable to agree with this line of reasoning.

III. Appellant calls our attention to section 472.3, Code 1962, 1966, which provides condemnation proceedings shall be instituted by filing an application with the sheriff of the county in which the land sought to be condemned is located and that said application shall set forth a description of the property sought to be condemned and a plat showing the location of the right-of-way. Based on this requirement appellant asserts it is granted by implication a right to enter and make a preliminary survey and investigation.

As a general rule administrative agencies have, and should be accorded, every power which is indispensable to the powers expressly granted. 1 Am. Jur.2d, Administrative Law, section 44.

We are, however, committed to the rule that statutes delegating the power of eminent domain are strictly construed and restricted to their expression and intention. Aplin v. Clinton County, 256 Iowa 1059, 1061, 129 N.W.2d 726, 727.

At pages 846, 847, 1 Am. Jur.2d, Administrative Law, section 44, the editor states: "When a court is asked to find implied powers in a grant of legislative or executive authority, it must assume that the lawmakers intended to place no greater restraint on the liberties of a citizen than was clearly and unmistakably indicated by the language they used."

We are not persuaded the right claimed by appellant can reasonably be implied from the provisions of section 472.3.

IV. Appellees rely heavily on Jacobsen v. Superior Court, 192 Cal. 319, 219 P. 986, 29 A. L. R. 1399, and the cases cited in the annotation based thereon. They support the conclusion reached in the case at bar. In Jacobsen the City of Petaluma needed additional water supply and attempted, over objection of landowners, to make certain test boring prior to any condemnation proceedings. Several of the same arguments made here are considered in the Jacobsen case. The California court held in the absence of statutory authority such test borings violated the constitutional rights of the landowners. At page 328 of 192 Cal., 990 of 219 P., 1406 of 29 A. L. R., the court says: "It is idle to attempt to argue that such entry, occupation, disturbance, and destruction of the properties of these petitioners would not constitute such an interference with their exclusive rights to the possession, occupation, use, and enjoyment of their respective holdings as would amount to a taking and a damaging thereof to the extent and during the period of such entry upon said lands and of the operations of the corporation thereon."

V. Without a right to enter upon appellees' land the engineers and employees of appellant would be trespassers. This is the basis of the trial court's ruling denying injunctive relief to appellant and with which we agree.

A trespasser is one who is not rightfully upon the property of another, but enters it without consent, either express or implied, of the owner or occupier. Mann v. Des Moines Ry. Co., 232 Iowa 1049, 1056, 7 N.W.2d 45, 50; Reasoner v. Chicago, R. I. & P. R. Co., 251 Iowa 506, 510, 101 N.W.2d 739, 741.

In 87 C. J. S., Trespass, section 13b, at pages 965, 966, states: "Every unauthorized entry is a trespass, regardless of the degree of force used, even if no damage is done, or the injury is slight, * * *. It will be presumed that injury resulted even if it was no more than the trampling of herbage." See also 52 Am. Jur., Trespass, section 11.

VI. If appellant is to be given the right to enter and make preliminary surveys and investigations it is for the legislature to so provide as done regarding other condemnors and as provided in most states. It is not the function of this court to broaden the statutes.

VII. Counsel for appellees have offered argument at some length asserting the propositions that appellant's acts constituted a taking and that their constitutional rights had been violated and would so continue if appellant prevails. In view of our affirmance on the basis the entry amounts to a trespass, it is not necessary to give consideration to appellees' other propositions.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting, and STUART, J., who takes no part.