**Duane A. SCHMIDT, Appellant,**

v.

**IOWA STATE BOARD OF DENTAL EXAMINERS, Appellee.**

No. 87–261.

Supreme Court of Iowa.

May 11, 1988.

Rehearing Denied June 15, 1988.

---

James W. Affeldt of Eells, Blackstock & Affeldt, Cedar Rapids, for appellant.

Keith E. Stapleton of Silliman, Gray & Stapleton, Cedar Rapids, for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

SCHULTZ, Justice.

Petitioner Duane A. Schmidt appeals from a district court decision affirming a ruling of the Iowa State Board of Dental Examiners (dental board) which suspended his dental license for thirty days and restricted his privileges to purchase, possess, and dispense controlled substances indefinitely. On judicial review and on appeal petitioner only challenges the suspension of his license. Thus, the restrictions regarding controlled substances are not in issue. As we agree that the dental board properly exercised its authority in suspending petitioner's license, we affirm.

Petitioner is a dentist licensed to practice in Iowa. He is the sole officer of Dental East, P.C., which employs approximately thirty people, including dental hygienists and dental assistants. Two other licensed dentists also practice in this office as associates of petitioner, each maintaining his own separate practice.

Petitioner holds drug registration permits from both federal and state regulatory agencies to prescribe, purchase, possess, and dispense controlled substances. The two associates were occasionally allowed to dispense controlled substances from the supply petitioner kept in the dental office.

In January 1984, a drug audit of petitioner's records was conducted by the Iowa Board of Pharmacy Examiners (pharmacy board) after it had received a report that excessive amounts of controlled substances were being purchased. The auditor found several severe deficiencies in petitioner's recordkeeping and security systems. A detailed audit revealed that a substantial number of controlled substances had been stolen or diverted from petitioner's office between January 1982 and January 1984 and could not be accounted for.

Up to the time of the audit, petitioner kept controlled substances in a cabinet similar to a kitchen cabinet. It was kept unlocked during the day and was accessible to approximately thirty employees in addition to the three dentists. Petitioner relied upon his employees to inventory and order drugs and did not know how often or how

many drugs were being ordered. Unsupervised dental assistants were allowed to dispense drugs from the drug cabinet to the patients.

After the audit revealed the diversion of drugs, petitioner took some remedial security measures. However, following the audit, three more thefts or diversions occurred over the next year. Petitioner did not report any of these thefts to either the dental board or the local police although he did notify the pharmacy board auditor of some of the later thefts.

The dental board was notified of these matters by the pharmacy board and gave petitioner notice of a disciplinary hearing on allegations that he had "failed to provide and maintain effective controls and procedures to guard against a series of recent thefts and diversions of controlled substances" from his dental office. After hearing the dental board rendered the following decision:

> The board is satisfied that five separate thefts of controlled substances under the circumstances shown in this record and the failure to implement effective changes in internal security measures to prevent such occurrences demonstrate that the licensee permitted ineffective drug control procedures to be followed in his dental office and carelessly delegated to his employees his personal responsibility to manage and control such substances and warrants sanctions being imposed....

In his petition for judicial review and now on appeal petitioner claims (1) the board lacked authority to suspend his license under the provisions relied on, and (2) the suspension was not supported by substantial evidence. Iowa Code §§ 17A.19(8)(b), (f). Our review is to correct errors of law and to ensure that the district court did not err in determining that the agency action was supported by substantial evidence. *Fischer v. Iowa State Commerce Comm'n*, 368 N.W.2d 88, 91 (Iowa 1985).

■ 1. *Authority.* An administrative agency has no inherent power and has only such authority as is conferred by statute or is necessarily inferred from the power expressly granted. *Iowa Power & Light Co. v. Iowa State Commerce Comm'n*, 410 N.W.2d 236, 240 (Iowa 1987); *Iowa State Highway Comm'n v. Hipp*, 259 Iowa 1082, 1088, 147 N.W.2d 195, 198 (Iowa 1966) ("As a general rule administrative agencies have, and should be accorded, every power which is indispensable to the powers expressly granted."). Thus, the dental board's authority to suspend petitioner's license must be expressly granted or implied from the grant of other powers.

Express authority to suspend a dental license is found under Iowa Code chapters 153 and 258A.[1] We conclude that in this case, the dental board was acting under the authority provided in Iowa Code section 258A.3 as it referred to this section both in its notice to petitioner and again in its ruling suspending his license. The power to revoke or suspend a license is provided by subsection (2)(a) of section 258A.3. Subsection (2)(b) does not authorize license suspension. It allows the dental board to revoke or suspend "the privilege of a licensee to engage in one or more specified procedures, methods, or acts incident to the practice of the profession...." Because this case deals with suspension of a license itself rather than a specified procedure, method, or act, subsection (2)(b) does not apply.

Subsection (2)(a) allows the dental board to suspend a license for the grounds specified in Iowa Code section 153.34, other grounds specified in chapter 258A, or for failure to comply with a board order imposing discipline. Of the possible grounds stated in section 153.34, the dental board's notice of hearing cited only section 153.-34(6). This subsection provides that the board shall suspend or revoke a license "[f]or willful or repeated violations of this chapter, Title VIII of the Code, or the rules of the state board of dentistry." The issue then, is whether petitioner's actions concerning the controlled substances in his office violated section 153.34(6).

---

1. All references to the Iowa Code shall be to the 1983 Code.

The dental board obviously considered petitioner's problems in handling controlled substances to be willful and repeated violations of statutes or rules it is empowered to enforce. However, the lack of specificity in its ruling concerning the statutes or rules violated has handicapped the parties in framing the issues. Nevertheless, petitioner raises several contentions in urging that the dental board improperly suspended his license. We examine them in turn.

First he argues that the dental board does not have authority to discipline him for violating rules and statutes dealing with controlled substances, as that authority has been given to the pharmacy board. We agree that section 153.34(6) does not authorize the dental board to enforce matters entrusted to the pharmacy board. However, we do not believe that the dental board was seeking to enforce laws under the authority of the pharmacy board. Rather, it was carrying out its own duty to regulate all matters pertaining to the practice of dentistry including the dispensing of controlled substances. *See* Iowa Code §§ 153.33(1), 153.20. We believe it was proper for the dental board to consider petitioner's compliance with controlled substance laws to the extent that any violations may have indicated "willful and gross neglect" in the practice of dentistry. *See* Iowa Code § 153.34(4); 320 Iowa Admin. Code 30.4(153)(9). We construe the dental board's ruling as suspending petitioner's license under section 153.34(6) for willful or repeated violations of the proscriptions against gross neglect in the practice of dentistry. Because the board was empowered by statute to act in this manner, we uphold the suspension against petitioner's first challenge.

Petitioner next urges that the dental board erred in suspending his license for his failure to report the drug thefts. He argues that a dental licensee has no duty to report his own malefactions. While the dental board referred to such a failure to report in its conclusions of law, we need not interpret the administrative rule at issue, *see* 320 Iowa Admin.Code 30.4(153)(17), as the dental board did not rely on the violation of this rule to impose the sanction.

The sanction was imposed for the substantive violations and not the failure to report them.

Finally, petitioner urges that the dental board exceeded its authority in suspending his license under subsection (2)(b) of Iowa Code section 258A.3. As we previously indicated, subsection (2)(b) applies only to the suspension of one or more of the privileges of the licensee rather than the suspension of the license. If the board had sought to suspend petitioner's license under this subsection, it would have been acting beyond its authority. However, the board did not purport to do so and thus petitioner's claim fails.

We hold that, based on its findings of fact, the dental board did have authority to suspend petitioner's license. We now turn to the issue of whether substantial evidence in the record supports those findings.

■ II. *Sufficiency of the Evidence.* Petitioner argues that the board's findings of fact are not supported by substantial evidence in the record. Because petitioner was not disciplined for failure to report, we need not consider the dental board's findings relevant to that failure. Iowa Code § 17A.19(8) (judicial review proper only where substantial rights of petitioner were affected). We have reviewed the evidence presented and conclude that under the record before the dental board there was sufficient evidence of willful or repeated violations of chapter 153 and the rules of the State Board of Dentistry. There was substantial evidence of the licensee's gross neglect in the management and control of the controlled substances in his office. The dental board's decision was within its authority and was justified by the evidence introduced in the record.

The district court correctly affirmed the dental board.

AFFIRMED.

All Justices concur except LARSON, J., who concurs in result only.