**Duane A. SCHMIDT, Appellant,**

v.

**IOWA STATE BOARD OF DENTAL EXAMINERS, Appellee.**

No. 88–2407.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1989.

Decided April 10, 1989.

James W. Affeldt, Cedar Rapids, Iowa, for appellant.

Keith E. Stapleton, Cedar Rapids, Iowa, for appellee.

Before JOHN R. GIBSON, FAGG and BEAM, Circuit Judges.

PER CURIAM.

The Iowa State Board of Dental Examiners suspended Dr. Duane Schmidt from the practice of dentistry for 30 days. It charged him with failure to implement effective internal security measures to prevent the theft of some 19,900 tablets of Tylenol No. 3, a Codeine-based prescription drug and Schedule III controlled substance. After his suspension was affirmed by the Supreme Court of Iowa, *Schmidt v. State Board of Dental Examiners,* 423 N.W.2d 19 (Iowa 1988), Schmidt brought this federal action under 42 U.S.C. § 1983. He claims violations of his right to due process. We affirm the district court[1] judgment denying his claim.

---

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa, adopting the report and recommendation of the Honorable John A. Jarvey, United States Magistrate for the Northern District of Iowa.

On April 25, 1985, the Board held a contested evidentiary hearing and found that five thefts of drugs from Schmidt's office had occurred between January 1982 and January 1984. It concluded that Schmidt had failed to implement effective changes in internal security measures to prevent such thefts, that he had permitted ineffective drug control procedures to be followed in his dental office, and that he carelessly delegated to employees his personal responsibility to manage such substances. Schmidt appealed to the Iowa Supreme Court, unsuccessfully challenging the sufficiency of the evidence to support these findings. Schmidt's subsequent federal action, brought under 42 U.S.C. § 1983, was ruled upon adversely by the district court.

On appeal, Schmidt argues that his procedural and substantive due process rights were violated because the Supreme Court of Iowa, which acknowledged that the Board's ruling lacked specificity concerning the precise statutes violated, relied on Iowa Code §§ 153.34(6) and 258A.3(2)(a) in affirming the Board's decision to suspend him. *Schmidt*, 423 N.W.2d at 22. In reaching its earlier decision, the Board used language that tracked Iowa Code § 258A.3(2)(b), rather than that of section 258A.3(2)(a). Schmidt now contends that the Board was without power to suspend him under subsection (2)(b) and that the Supreme Court of Iowa denied him due process by construing his suspension to rest on a statutory provision not expressly cited by the Board.

■ In arguing that the Iowa Supreme Court ignored fundamental rules of administrative law, Schmidt relies on opinions which directly review the decisions of federal administrative bodies. We do not, however, sit as a general court of appeals over decisions of the Iowa Supreme Court. Federal courts are limited to determining whether minimum federal constitutional process was observed, not insuring strict compliance with state procedural regulations. *Harris v. Birmingham Board of Education*, 817 F.2d 1525, 1528 (11th Cir. 1987). Where state procedures, though arguably imperfect, provide a suitable prede-

privation hearing and afford meaningful judicial review, the fourteenth amendment guarantee of procedural due process is not offended. *Chongris v. Board of Appeals of Andover*, 811 F.2d 36, 40 (1st Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987). Dr. Schmidt may succeed here only if he demonstrates constitutional error in the state proceedings against him.

■ The district court adopted the magistrate's thorough analysis of the facts and law. The magistrate carefully considered the Iowa statutory scheme and determined that Schmidt had received a written pretermination notice from the Board which specifically cited Iowa Code 258A.3. As a matter of law, the magistrate concluded that section 258A.3 incorporates section 153.34(6), which vests the Board with authority to impose discipline for any violation of its rules, including those which regulate dentists in their handling of controlled substances. The magistrate concluded that although these rules were broad, Schmidt received adequate advance notice that these statutes, as well as others, formed the basis for his suspension. We are not convinced that the district court erred in its adoption of the magistrate's recommendation. We are further persuaded that Schmidt's substantive due process claims are frivolous.

This is the fifth court or judge to which Dr. Schmidt has appealed the actions taken by the Iowa State Board of Dental Examiners. We conclude that there has been no deprivation of due process of law that requires this court to do other than affirm the judgment of the district court. It is so ordered. *See* 8th Cir.R. 14.