## BLACKBURN *v.* DILLON *et al.*

### (*Knoxville,* September Term, 1949.)

Opinion filed December 10, 1949.

Thomas E. Mitchell, of Johnson City, for appellant.

Price & Price, of Johnson City, E. E. Garland, of Mountain City, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Chancellor denied the relief sought in this bill and the Court of Appeals affirmed his decree. The cause is here on petition for *certiorari.*

This suit was brought by complainant, J. N. Blackburn, a resident of Mountain City, against the officials and adjacent property owners of said City, to require them to remove the sidewalk already set out on the north end of Rambo Street, or, in the alternative, to recover damages for the obstruction of said street by said sidewalk. Rambo Street is a dead-end street, 40 feet in width, extending from the main Elizabethton-Mountain City highway south for probably one-half mile. Beginning on the north end nearly one half the distance is almost level, running back to a hill which is rather steep.

Complainant built his home on the east side of the south end of Rambo Street and put in a sidewalk adjacent to the property line and extended it 3½ feet out into the street. To put the sidewalk back to the property line on the north end would mean the destruction of much valuable property of complainant, such as hedges, stone walls, etc. The record discloses that the present sidewalk can be made to meet complainant's sidewalk without making a curve that can be detected by the naked eye. The lower courts were of opinion that the matter of location of the new sidewalk was a matter of discretion of the city officials.

"The term street in ordinary legal signification includes all parts of the way, roadway, the gutters and the

sidewalks.'' Elliot on Roads and Streets (4th ed.), Section 23, p. 25.

''The word 'sidewalk' has a well-understood meaning. We understand, *ex vi termini*, that a part of the street is meant. It is the public way, generally somewhat raised, especially intended for pedestrians, and adapted to their use, usually constructed in this country as a part of a street at or along the side of the part thereof especially designed and constructed for the passage of vehicles and animals; there being often, if not generally, a gutter, also constituting a portion of the street, between such parts; and, when a sidewalk is spoken of as being on a specific side of a designated street, it is to be understood to be a part so reserved of that street at or along the specific side of the roadway.'' *Wabash R. Co.* v. *De Hart*, 32 Ind. App. 62, 65 N. E. 192, 193, and cited by Elliott on Roads and Streets (4th ed.), p. 25.

█ █ The measure of the corporate duty of a city to construct and maintain its streets in a reasonably safe condition is the exercise of ordinary care to keep its streets in a reasonably safe condition for travel day and night in the customary modes by persons themselves exercising reasonable care. If a city uses such reasonable and ordinary care in the construction and maintenance of its streets, it is not liable for personal injuries to a person who is injured. *City of Nashville* v. *Brown*, 25 Tenn. App. 340, 157 S. W. 2d 612.

''Except where a statute or charter provides to the contrary, and except as to defects created by themselves, abutting property owners are not responsible for the condition of the adjacent streets or sidewalks, and are under no obligation to keep the same in repair or in a safe condition for public travel, and hence are not liable to per-

sons injured by reason of their failure to keep the same in repair, or because of defects therein not due to their own wrongful acts." 13 R. C. L. Section 265, p. 321.

██ ██ In *Collier et al.* v. *City of Memphis,* 180 Tenn. 509, 513-514, 176 S. W. 2d 818, 819, this Court quoted from McQuillin on Municipal Corporations (2d ed.), Revised Vol. 2, Section 519, p. 256, as follows:

"Whether a particular public officer acted within the law is a judicial question, but in the absence of fraud or bad faith, the validity of acts within the discretion of a municipal officer will not be entertained by the court. Courts will not assume that public officers will act dishonestly or dishonorably, or use their public trust for private ends, and in the absence of proof to the contrary, officers will be presumed to have acted in the exercise of their powers in the interest of the public and within the authority granted them."

██ This Court then said, 180 Tenn. at page 514, 176 S. W. 2d at page 819:

"It has been held that the rights of an abutting property owner are always subordinate to the public use of the street for travel and for proper municipal purposes. . . .

"Neither will the courts interfere with the exercise of the discretionary powers of the municipality as to the control of streets except in case of fraud or a clear abuse of power. . . ."

██ The Chancellor, in his opinion, said: "An owner of property abutting on a public street has a special interest therein only to the extent of his right to ingress and egress. *Patton* v. *City of Chattanooga,* 108 Tenn. 197, 227, 65 S. W. 414. And the municipality's control over a sidewalk therein is absolute. *Harbin* v. *Smith,* 168 Tenn. 112, 76 S. W. 2d 107, 109."

This Court, in *Southern Ry Co.* v. *State,* 130 Tenn. 261, 264, 169 S. W. 1173, L. R. A. 1915B, 766, said: "Moreover the town of Clinton alone has control over its streets and crossings within the corporate limits, and neither the county court nor any other authority can interfere with the municipality in the exercise of this control. Shannon's Code, Section 1679; *State* v. *Mayor,* etc., of Town of *Loudon,* 3 Head, 263; *DeTavernier* v. *Hunt,* 6 Heisk 599."

Complainant apparently does not controvert these propositions of law, but takes the position that this sidewalk, being erected by the City, or the abutting property owners, with its permission, constitutes a wrongful interference with complainant's ease of ingress and egress.

The bill sets out that this is a 40-foot right of way used as a street and shows the street to be residential. Complainant shows that he built a sidewalk along the right of way in front of his property, and charges that the City, or the abutting property owners, acting under the City's direction, are constructing a sidewalk 3½ feet in the street, apparently leaving 3½ feet on an unpaved portion or parkway, between the sidewalk and the property line. The question presented is, what agency has the power to determine the portion of the street to be used for a particular type of travel.

The cases cited by complainant involve the use, or intended use, of a street outside the dedication, or of plain injury to the right af access and none challenge what must be the right of a municipality to regulate and control the improvement and use of a public street within the dedication in a discretion exercised in the public interest.

"The controlling public authority has a right to determine what part of the nominal highway shall be de-

voted to the various purposes of passage . . ." 25 Am. Jur., Highways, Section 265, pp. 559-560; see *Hitchcock* v. *Zink,* 80 Neb 29, 113 N. W. 795, 13 L.R.A., N.S., 1110, 127 Am. St. Rep. 743; *City of Georgetown* v. *Hambrick,* 127 Ky. 43, 104 S. W. 997, 13 L. R. A., N. S., 1113, 128 Am. St. Rep. 333.

So, unless there is fraud or a clear abuse of discretion, a court of equity will not interfere with the discretion of the officials of a city in the proper use or regulation of its streets. *Brush* v. *City of Carbondale,* 78 Ill. 74.

For the reasons stated, we are of the opinion that there is no error in the decree of the Court of Appeals, and the writ must, therefore, be denied.

All concur.