**Dorothy BLACKBURN and Jake Blackburn, Appellants,**

**v.**

**Carolyn Hyde SWIFT, the Great Atlantic & Pacific Tea Company, Standard Oil Company and the City of Trenton, Missouri, Respondents.**

**No. 54292.**

Supreme Court of Missouri,
Division No. 1.

Sept. 14, 1970.

**806**

Miller & Humphreys, R. Leroy Miller, R. Max Humphreys, Trenton, for appellants.

Somerville, Cleaveland & Macoubrie, David P. Macoubrie, Chillicothe, for respondent Great Atlantic & Pacific Tea Co.

Pickett, Andereck & Hauck, Eugene E. Andereck, Trenton, for respondents Carolyn Hyde Swift and Standard Oil Co.

Frith & Pyatt, Robert F. Pyatt, Chillicothe, for respondent City of Trenton, Missouri.

ROBERT A. MEYERS, Special Judge.

Plaintiff Dorothy Blackburn alleges in her first amended petition that on the 30th day of November, 1966, while walking on the south side of Ninth Street near the intersection of Washington in Trenton, Missouri, she was caused to fall because of a defective condition of the area. Her husband joined as plaintiff in this negligence action against the City of Trenton, Carolyn Hyde Swift, The Great Atlantic & Pacific Tea Company and the Standard Oil Company, alleging the fall occurred "on the defendants' property," and praying for damages in the total amount of Sixty Thousand Dollars ($60,000.00). The trial court entered summary judgment for the defendants, holding plaintiff Mrs. Blackburn guilty of contributory negligence as a matter of law. From this order the plaintiffs have appealed.

The deposition of Mrs. Blackburn and pictures of the scene of the accident were filed in this court. From these it appears that Ninth Street is a paved roadway running in an east-west direction, with an ordinary curbing on the south side of the roadway. A sidewalk abuts the curbing and a paved parking lot joins the sidewalk on the south and runs to a building occupied by defendant A&P. The entire area from the curbing to the building is paved. Defendant Standard Oil occupies the premises immediately to the east.

A review of Mrs. Blackburn's deposition shows that she had been a resident of Trenton for a number of years. She had walked once or twice a week for several years over the area where she fell. She testified that the fall occurred about 4:30 p. m. on a clear day. She was looking straight ahead, walking in a normal manner when loose chunks of "gravel and asphalt turned my foot under, throwing me off balance." She describes the area, which was eight to nine feet from the curbing, as being "rough and cracked," and having loose gravel and chunks of asphalt on the surface, some of which were an inch to an inch and a half in diameter. She also described holes in the area four to five inches in width and an inch to an inch and one half in depth. From her prior use of the area she knew it was "rough and cracked" but denied having seen the chunks of asphalt and gravel and the holes until after she had fallen.

█ It is not possible to determine from the record whether the fall occurred because of a defective public sidewalk or a defect in the adjoining parking lot. While

the plaintiff places her fall at eight to nine feet south of the south curb, neither the width of the sidewalk nor the width of the street right of way appears in the record. There is nothing, no fence or any other markings, to indicate where the property line ends and the sidewalk begins. A sidewalk is that part of a street which has been set aside for use by pedestrians, Murray v. St. Louis Public Service Co., Mo.App., 201 S.W.2d 775, 779. Under the record here, there is no way to determine where the sidewalk ends and the parking lot begins.

The appellants and respondents have recognized this omission in the record by briefing and arguing the case as though it happened on both a public sidewalk and a private parking lot.

■ It has been stated many times that a summary judgment is an extreme and drastic remedy and that great care must be exercised in utilizing this procedure. Summary judgment is not as feasible in negligence cases as in other kinds of litigation. Cooper v. Finke, Mo., 376 S.W.2d 225, 229; Stanturf v. Sipes, Mo., 447 S.W.2d 558, 561.

Summary judgment is authorized only where "the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." Civil Rule 74.04(h), V.A. M.R. "The appellate court as well as the trial court must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered." Cooper v. Finke, supra, loc. cit. 228.

■ If the fall occurred as a result of a defective sidewalk, the plaintiff could not, on the record before us, be guilty of contributory negligence as a matter of law. Knowledge alone that a sidewalk is defective because of a rough or broken surface does not render a pedestrian using it guilty of contributory negligence as a matter of law. For knowledge alone to operate as a bar to recovery, the defect must be so dangerous that no prudent person with

knowledge of the defect would attempt to use the sidewalk. Cordray v. City of Brookfield, 334 Mo. 249, 65 S.W.2d 938; Clark v. Missouri Natural Gas Co., Mo., 251 S.W.2d 27; Neagle v. City of Edina, Mo.App., 53 S.W.2d 1077.

These principles are well established in our law. In the Cordray case, supra, loc. cit. 939, this court stated: " 'There is no new question presented here in regard to contributory negligence. Plaintiff was shown to have had that knowledge of the defective condition of this sidewalk which came to a user of the same by frequently passing over it. Whether such a person, when injured and suing for damages, will be held to have assumed the risk of using the walk in its known condition or be held for contributory negligence in so doing has been frequently adjudicated. The rule is settled that a pedestrian having such knowledge is not generally guilty of contributory negligence as a matter of law in continuing to use the defective sidewalk or street. Whether he is or is not negligent depends on the circumstances of the particular case and is a question for the jury. The test to be applied is whether a reasonably prudent person would under the particular facts continue in such use, or, otherwise expressed, is the danger of doing so so obvious and glaring that a reasonably person would not do so? * * * ' "

In the Clark case, supra, this court held a plaintiff guilty of contributory negligence as a matter of law for using a sidewalk across which a gas pipe had been laid, the plaintiff having had knowledge of this condition. The court distinguished the Cordray case by stating, loc. cit. 31: "In those cases the sidewalk, although defective by reason of a rough, broken, uneven or depressed surface, was regularly used and and was not necessarily and patently dangerous."

The case before us may also be distinguished from Jett v. City of Paris, Mo. App., 326 S.W.2d 365, cited by respondents. In that case, the plaintiff saw the defect

in the sidewalk and in attempting to step over same caught her foot on the edge of the concrete and fell. Mrs. Blackburn knew the area was defective but denied seeing the actual defect until after her fall occurred.

■ The defective condition described in the record before us does not appear to be so dangerous that an ordinary person with knowledge of the defect would avoid using the sidewalk. Under such circumstances, the question of contributory negligence is ordinarily for the jury. 21A Mo.Digest, Municipal Corporations, ☜805(2).

■ The legal status of the defendants to the area in question is not clear in the record. As we have stated, defendant A&P occupies the building adjoining the parking lot and the lot is referred to as the "A&P parking lot." Standard Oil occupies the premises immediately to the east, some thirteen feet east of the area where the plaintiff stumbled. The record does not indicate why defendant Swift is in the case.

Defendant Standard Oil argues that the summary judgment as to it should be affirmed, stating that under the undisputed facts the defective area was not on its property or on an adjoining sidewalk.

The plaintiffs do allege in their petition that *"the defendants* had caused the area including the sidewalk to be covered with a thin, rough, uneven and unsafe covering of asphalt, making the area unsafe for persons using the public thoroughfare." We cannot conclude from the record that it would not be possible for the plaintiffs to make a submissible case against all of the defendants.

The judgment is reversed and the cause remanded.

SEILER, P. J., and HOLMAN, J., concur.

BARDGETT, J., not participating because not a member of the court when cause was submitted.