Andrew C. CHRISTENSON and ACCO Unlimited Corporation, Plaintiffs,

v.

IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.

No. 95–1484.

Supreme Court of Iowa.

Dec. 18, 1996.

Frank Murray Smith and Mary G. Hellweg of Frank M. Smith Law Office, Des Moines, for plaintiffs.

Lee H. Gaudineer, Jr. of Austin, Gaudineer, Austin, Salmons, Swanson & Hopkins, Des Moines, for defendant.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

This original certiorari action concerns the relationship of Iowa Code section 808.14

(1995), the statutory authority for issuing administrative search warrants, and section 314.9,[1] which sets out procedures governmental entities must follow to enter private land, in advance of condemnation, during the planning stages of road construction. At issue are the actions of the City of Johnston (the City) in entering upon the lands of plaintiff Andrew Christenson. After considering the authorities cited and arguments presented, we conclude that the commands of section 314.9 restrict the City's right of entry and cannot be avoided by obtaining an administrative search warrant. We sustain the writ.

The City of Johnston proposed to build a new road, Northwest 54th Avenue, which would run between Merle Hay Road and Northwest Beaver Drive. The proposed route would cross land then owned by Andrew Christenson and occupied by ACCO Unlimited, Christenson's tenant [hereinafter "Christenson"]. The City received a $2.8 million grant from the United States Department of Commerce, receipt of which was conditioned on completion of environmental testing. Phase I of the required testing examines the history of the parcel. In Phase II, areas of environmental concern disclosed by Phase I are tested for contamination. Geotechnical tests, determining the load-bearing capacity of the terrain, were also necessary. Both tests involve taking narrow borings, backfilling them, and restoring the surface to near-original condition. The Phase I testing of Christenson's parcel revealed "four locations of recognized environmental conditions." No test site was closer than fifty feet to any building on this property. Christenson originally granted permission to conduct these investigations but later withdrew that authorization.

On August 4, 1995, the City applied for an administrative search warrant granting authority to proceed with the boring on Christenson's property. Christenson filed a petition for declaratory ruling, seeking to quash the administrative search warrant and seeking a temporary injunction until the City complied with Iowa Code section 314.9.

Christenson argued that the City must give him thirty days written notice by restricted certified mail. In addition, Christenson argued that section 314.9 prohibited testing within twenty rods (330 feet) of any structure without his consent.

On August 28 the district court issued an order requiring the City to give Christenson thirty days' notice. That order allowed boring to proceed during the week of September 25–29 and permitted that activity within twenty rods of any building. Christenson sought review of that order via certiorari and also sought a stay. We granted the petition for certiorari but denied a stay. On September 25, the district court denied Christenson's motion to quash the administrative search warrant. Christenson appealed that order, and we consolidated the appeal with this certiorari action. The agents of the City subsequently removed two soil borings for geotechnical testing and soil samples from two sites of environmental concern: an electrical dump area and a septic tank drain field. The City has subsequently acquired ownership by eminent domain of the land to which its right of entry had been challenged.

We review the district court's order for correction of errors at law. Iowa R.App.P. 4; *Farm & City Ins. Co. v. Gilmore*, 539 N.W.2d 154, 156 (Iowa 1995) (declaratory judgment); *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994) (statutory construction); *Whitlock v. Iowa Dist. Ct.*, 497 N.W.2d 891, 893 (Iowa 1993) (certiorari).

Because the City now owns the land involved, the case at first glance appears to be moot. We reach the merits, however, for two reasons. First, Christenson, should his appeal be successful, may have claims against the City for trespass. Second, even if the plaintiffs have no claims against the City, this appeal contains several questions of substantial "public interest" worthy of our present attention. *See Southeast Warren Community Sch. Dist. v. Department of Pub. Instruction*, 285 N.W.2d 173, 178 (Iowa 1979).

---

1. Relevant portions of Iowa Code § 314.9 were amended in 1996, after the events involved in this appeal. 1996 Iowa Acts ch. 1126, § 3. These amendments will be more fully discussed below.

■ Christenson argues that section 314.9 is the sole means by which governmental entities may enter private land to conduct road construction surveys. He asserts that it is a special statute that prevails over section 808.14, a general statute. The City argues that section 314.9 had no application within the city limits. As an alternative argument, it urges that it may choose to proceed under either section 314.9 or section 808.14. The statute on which Christenson relies read as follows during the time of the City's entry:

The agency in control of any highway or highway system or the engineer, or any authorized person employed by said agency, may after thirty days' written notice by restricted certified mail addressed to the owner and also to the occupant, enter upon private land for the purpose of making surveys, soundings, drillings, appraisals and examinations as it deems appropriate or necessary to determine the advisability or practicability of locating and constructing a highway thereon or for the purpose of determining whether gravel or other material exists on said land of suitable quality and in sufficient quantity to warrant the purpose of condemnation of said land or part thereof. Such entry, after notice, shall not be deemed a trespass, and the agency may be aided by injunction to insure peaceful entry. The agency shall pay actual damages caused by such entry, surveys, soundings, drillings, appraisals or examinations.

Any damage caused by such entry, surveys, soundings, drillings, appraisals or examinations shall be determined by agreement or in the manner provided for an award of damages in condemnation of land for highway purposes. No such soundings or drillings shall be done within twenty rods of the dwelling house or buildings on said land without written consent of the owner.

Iowa Code § 314.9. The statute authorizing administrative warrants provides:

The courts and other appropriate agencies of the judicial branch . . . may issue administrative search warrants, in accordance with the statutory and common-law re-

quirements for the issuance of such warrants, to all governmental agencies or bodies expressly or impliedly provided with statutory or constitutional home rule authority or inspections to the extent necessary for the agency or body to carry out such authority.

Iowa Code § 808.14. The district court found that the City was free to use either section. After considering the meaning of section 314.9 and its relationship to section 808.14, we reach a different conclusion.

■ Ordinarily, statutes are given effect as written. *Consolidated Freightways Corp. v. Nicholas,* 258 Iowa 115, 120, 137 N.W.2d 900, 904 (1965). However, if the plain meaning would lead to an absurd or unjust result, courts may reexamine the statute to gather whether the legislature intended, for its own reasons, the result thought to be absurd. Iowa Code §§ 4.4(3)–(4), 4.6(1), (5); *Consolidated Freightways,* 258 Iowa at 120, 137 N.W.2d at 904. If such a result is in fact intended, the statute will be applied according to its terms. *Janson v. Fulton,* 162 N.W.2d 438, 443 (Iowa 1968). The interpreter first attempts to ascertain the legislature's intent, and then construes the statute to best achieve the legislative ends. Iowa Code § 4.6(1), (5); *Garien v. Schneider,* 546 N.W.2d 606, 609 (Iowa 1996); *State ex rel. Hager v. Iowa Nat'l Mut. Ins. Co.,* 430 N.W.2d 420, 422 (Iowa 1988). The interpreter may look to prior enactments of the statute for guidance. *Kelly v. Brewer,* 239 N.W.2d 109, 114 (Iowa 1976).

Christenson asks this court to enforce the statute as written. The district court noted that, as a practical matter, this statute is only meaningful as to road construction in undeveloped areas. That conclusion stems from the practicability of applying the twenty-rod distance restrictions in urban settings. It is clear, however, that principles of practical application do not serve to restrict the scope of a statute to less than that which is provided in the text of the act. Contrary to the City's claims, the statute is not applicable only to the department of transportation. The statute governs "agencies," and in chapter 314 an "agency" is defined as "*any* governmental body" with jurisdiction "over *any*

road." Iowa Code § 314.13(1) (emphasis added). The terms "street" and "highway" are defined in the Code as interchangeable terms identifying every way or place open to the public for vehicular traffic. Iowa Code §§ 321.1(48), 306.3(10). The latter statute defines these terms for purposes of "any chapter of the Code relating to highways." Cities can exercise jurisdiction over highways as so defined. *Id.* §§ 306.1, .3. We conclude that in connection with its activities on Christenson's property the City was acting as an "agency" seeking to build a highway within the meaning of section 314.9.

> The ancestor of section 314.9 read, in part: *Prospecting for gravel.* The board or commission in control of any highway or highway system ... may after written notice to the owner and to the occupant, enter upon private land and make surveys, borings, and excavations thereon, for the purpose of determining whether gravel or other material exists on said land of suitable quality and in sufficient quantity, to warrant the purchase or condemnation of said land or part thereof and roadway thereto to secure such material for the improvement and maintenance of such highway or highway system.... No such prospecting shall be done within twenty rods of the dwelling house or buildings on said land without written consent of the landowner.

Iowa Code § 309.65 (1965). The statute was amended in response to our decision in *Iowa State Highway Commission v. Hipp,* 259 Iowa 1082, 147 N.W.2d 195 (1966). In *Hipp* the highway commission entered land in Floyd County to survey potential routes for Interstate 35. The landowners argued that this was not allowed, and we agreed. We held that the highway commission could not enter private land absent some statutory authority to do so. The legislature provided that authority in 1967 by amending the statute to allow for highway route location surveys and tests, as well as gravel prospecting. In doing so, it retained the twenty-rod rule, applicable by its language to both highway

construction surveys and gravel prospecting. 1967 Iowa Acts ch. 258, § 1.

Section 314.9 is animated by two discernable policies: ease of governmental access to facilitate road construction and protection of private property. The twenty-rod rule is a legislature's resolution to the conflict between these two policies. At a certain radius from structures on realty, the public's interest in access to land for highway site selection is outweighed by interests of personal autonomy and property rights. In a 1996 amendment, not applicable to the present dispute, the twenty-rod rule was eliminated. The statute now prohibits drilling and sounding within 150 feet of a dwelling house or fifty feet of any other structure. 1996 Iowa Acts ch. 1126, § 3. Based on the law as it existed when the City's entry was made, however, Christenson had the right to exclude its inspectors at least within 330 feet of any structure.

■ We are convinced that the protections granted by section 314.9 may not be circumvented through the issuance of an administrative search warrant when the reason for entry is solely for road construction planning purposes. The application for administrative search warrant in the present case discloses no other purpose than that. In *Meier v. Sulhoff,* 360 N.W.2d 722, 726 (Iowa 1985), this court held that there was no right for an administrative search warrant to assess work place safety law compliance absent statutory authority. The legislature, in response, adopted section 808.14, a general administrative search warrant statute. It did not, as it had in the past (*i.e.,* section 314.9), pass a situation-specific statute; however, several such situation-specific responses to "the inspection problem" remain on the books.[2] We do not presume that the legislature intended to repeal these situation-specific statutes. *Lemon v. City of Muscatine,* 272 N.W.2d 429, 431–32 (Iowa 1978).

■ The present dispute brings into play the distinction between general and special statutes. A special statute controls over a

---

2. For several examples of narrow inspection statutes, see Iowa Code §§ 135C.16(3) (inspection of health care facilities); 177A.14 (diseased plants); 189A.12 (adulterated meat); 199.11(2)(a) (unlaw-

ful seeds); 455B.103(4)(a)–(d) (contamination); 478.15 (transmission lines); and 717.2A(b)–(c) (neglected livestock).

general statute if the two conflict. Iowa Code § 4.7. This is true regardless of the respective order of enactment. *Lifeline Ambulance, Inc. v. Iowa Ins. Div.,* 505 N.W.2d 186, 190 (Iowa 1993). Section 314.9 provides a right of entry in favor of any agency in charge of a highway system after thirty days' notice by restricted certified mail and subject to the "twenty rod" limitation. In contrast, section 808.14 provides a right of entry in favor of any governmental agency in the exercise of permissible powers. Section 314.9 is clearly the more specific of the two statutes and is thus controlling.

Although we sustain the writ of certiorari, we are convinced that we are without authority to grant more than the declaratory relief. The additional relief that Christenson has requested involving restrictions on the City's use of the soil samples obtained must be denied. Once the cat is out of the bag it is not feasible to put it back in again. Consistent with the views that we have taken in administrative law cases, the City is not restricted from taking any action that is deemed necessary by the knowledge it has gained from the disputed soil samples. *See Manders v. Iowa Dep't of Transp.,* 454 N.W.2d 364, 366 (Iowa 1990); *Westendorf v. Iowa Dep't of Transp.,* 400 N.W.2d 553, 556–57 (Iowa 1987).

The writ of certiorari is sustained. The judgment in the companion appeal is vacated, and that appeal is dismissed as moot.

**WRIT SUSTAINED.**