Darlene HOSKINSON and Deanna Cornwell, as Coexecutors of the Estate of Lloyd Hoskinson, Appellants,

v.

CITY OF IOWA CITY, Appellee.

No. 99–0702.

Supreme Court of Iowa.

Jan. 18, 2001.

John T. Nolan, Iowa City, and Ralph L. Neuzil and Jay W. Sigafoose of Neuzil & Sanderson, Iowa City, for appellants.

Andrew P. Matthews, Iowa City, for appellee.

LAVORATO, Chief Justice.

In this slip-and-fall case, a jury found against the plaintiffs on their claim of negligence against a municipality for its failure to correct a dangerous condition on the municipality's walkway in a city park. Because we conclude it was prejudicial error to give a municipal immunity instruction, we reverse and remand.

## I. Background Facts and Proceedings.

On February 20, 1997, Lloyd Hoskinson was walking his dog on an asphalt walkway winding through several baseball diamonds in a city park located in Iowa City, Iowa. He slipped and fell on ice. Because of the fall, Hoskinson suffered a head injury.

Hoskinson sued the city, seeking damages for his injuries. His wife, Darlene, joined in the petition, seeking loss of consortium. The petition alleged that the city was negligent in (1) failing to clear the walkway of snow and ice; (2) failing to cover the surface with salt, sand, or other traction agent; (3) designing the walkway and the landscape immediately surrounding it so as to cause water to pool and form ice; and (4) failing to give notice of the hazardous icy walkway. Lloyd died (from unrelated causes) during the pendency of these proceedings, and the district court substituted Lloyd's estate.

The parties tried the case to a jury, which found the city was not at fault. The district court overruled Hoskinson's motion for new trial.

## II. The issues.

The plaintiffs contend the district court erred in concluding that the walkway in question is not a "sidewalk" under Iowa Code section 364.12(2)(b) (Supp.1995). They also contend the district court erred in instructing the jury on municipal immunity under Iowa Code section 668.10.

## III. Scope of Review.

The manner in which we review a denial of a motion for new trial depends on the grounds for new trial alleged in the motion and ruled upon by the district court. *Weyerhaeuser v. Thermogas*, 620 N.W.2d 819, 823 (Iowa 2000). When the motion and the ruling are based on a claim that the district court erred on issues of law, our review stands or falls on the correctness of the court's ruling on the legal question. *Id.* Here, the motion for new trial and the issues raised on appeal involve challenges to the correctness of the district court's ruling on legal questions.

We review jury instructions for correction of errors at law. *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Shell Oil Co.*, 606 N.W.2d 370, 373 (Iowa 2000). Error in giving a jury instruction does not merit reversal unless the complaining party has been prejudiced. *Id.*

## IV. The Sidewalk Issue.

■ **A. Background.** Under Iowa Code section 364.12(2),

[a] city shall keep all public ways, squares, and commons open, in repair, and free from nuisance, with the following exceptions:

. . . .

b. The abutting property owner is responsible for the removal of the natural accumulations of snow and ice from the *sidewalks* within a reasonable amount of time and *may be liable for damages caused by the failure of the abutting property owner to use reasonable care in the removal of the snow or ice* . . . . The city's general duty under this subsection does not include a duty to remove natural accumulations of snow and ice from the *sidewalks. However, when the city is the abutting property owner it has the specific duty of the abutting property owner set forth in this paragraph.*

Iowa Code § 364.12(2) (emphasis added).

In *Peffers v. City of Des Moines,* this court held that a prior version of this statute, Iowa Code section 364.12(2) (1979), imposed liability on municipalities, rather than abutting property owners, for injuries to pedestrians caused by negligent failure to remove snow and ice from public sidewalks. 299 N.W.2d 675, 678–79 (Iowa 1980).

■ Later, the legislature abrogated the *Peffers* ruling by amending subsection (b). *See* 1984 Iowa Acts ch. 1002, § 1; *Fritz v. Parkison,* 397 N.W.2d 714, 717 n. 1 (Iowa 1986); *Busselle v. Doubleday,* 486 N.W.2d 45, 47 (Iowa App.1992). Iowa Code section 364.12(2)(b) now imposes liability on the "abutting landowner for failing to use reasonable care in the removal of snow and ice from the sidewalk." *Fritz,* 397 N.W.2d at 717 n. 1; *see also Busselle,* 486 N.W.2d at 47. And, if the city is the abutting landowner, it has the same liability. *See* Iowa Code § 364.12(2)(b) ("However, when the city is the abutting proper-ty owner, it has the specific duty of the abutting property owner set forth in this paragraph.").

■ At the conclusion of the evidence, the district court ruled as a matter of law that the walkway in this case is not a sidewalk for the purposes of section 364.12(2)(b). Whether the walkway is a sidewalk determines whether the city had a duty to the plaintiffs under section 364.12(2)(b) to remove snow and ice from the walkway. That determination is a legal question for the district court, not the jury, to decide. *Humphries v. Methodist Episcopal Church,* 566 N.W.2d 869, 871 (Iowa 1997). Our task is to determine whether the district court was correct in its ruling.

**B. Analysis.** Iowa Code chapter 364 does not define sidewalk. Iowa Code section 321.1(72) defines sidewalk as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines intended for the use of pedestrians." This definition, however, is of little help because its application is limited to chapter 321. *See* Iowa Code § 321.1 ("The following words and phrases when used in this chapter shall, *for the purposes of this chapter,* have the meanings respectively ascribed to them." (Emphasis added.)); *Humphries,* 566 N.W.2d at 871 (holding that definition in Iowa Code chapter 321 (1995) was expressly confined to that chapter and did not apply to Iowa Code section 364.12 (1995)).

We think two early Iowa cases control our determination. In considering the power of the City of Des Moines to narrow sidewalks, this court stated:

A sidewalk is a part of the street, exclusively reserved for pedestrians, and constructed somewhat differently than other portions of the street, made use of by animals and vehicles, generally. Whatever may be the difference, it constitutes a part of the street.

. . . .

"The word 'sidewalk' has a well-understood meaning. We understand *ex vi termini* that a part of the street is meant. It is the public way, generally somewhat raised, especially intended for pedestrians, and adapted to their use, usually constructed in this country as a part of the street at or along the side of the part thereof especially designed and constructed for the passage of vehicles and animals, there being often, if not generally, a gutter, also constituting a portion of the street, between such parts; and when the sidewalk is spoken of as being on a specific side of a designated street, it is to be understood to be a part so reserved of that street at or along the specific side of the roadway."

*Central Life Assurance Soc'y v. City of Des Moines*, 185 Iowa 573, 577, 171 N.W. 31, 32 (1919) (quoting *Wabash R.R. v. DeHart*, 32 Ind.App. 62, 64, 65 N.E. 192, 193 (1902)) (citations omitted).

This definition is similar to that adopted by this court early in its history:

A sidewalk, so called, is part of the street. The fact that it is exclusively reserved for foot passengers, and is usually paved and constructed in a manner different from other parts of the street used for horses and vehicles, does not require it to be regarded as no part of the street. The convenience of the public may require it to be paved in a manner different from other parts of the street, and, in a measure, to be kept separate therefrom. It is, nevertheless, a part of the street, and may be paved with brick or stone, under the same authority which authorizes the improvement of the rest of the street.

*Warren v. Henly*, 31 Iowa 31, 37 (1870).

The definitions in *Central Life* and *Warren* identify two specific characteristics for a "sidewalk." One, a sidewalk is a part of the street, constructed at or alongside of the street. And, two, it is exclusively reserved for pedestrian use. Contrary to the plaintiffs' contention, the definitions employed in *Central Life* and *Warren* were more than dictum. Defining the term "sidewalk" was necessary to the court's decision in both cases. We think the meaning followed in *Central Life* and *Warren* is the meaning the legislature had in mind when it used the word "sidewalk" in section 364.12(2)(b).

The great majority of cases that have defined "sidewalk" have likewise concluded that the word refers to a walkway that is a part of the street or is at or along the side of the street. *See, e.g., City of Birmingham v. Shirley*, 209 Ala. 305, 96 So. 214, 215 (1923) (holding that in common parlance a "sidewalk" is the part of the street assigned to the use of pedestrians); *Manchester v. City of Hartford*, 30 Conn. 118, 120 (1861) (holding that a "sidewalk" is a part of the road); *Hancock v. Rush*, 181 Ga. 587, 600, 183 S.E. 554, 561 (1936) (holding that in a city or town, a "sidewalk is that part of a street or highway that is intended or used by pedestrians"); *City of Elmhurst v. Buettgen*, 394 Ill. 248, 251, 68 N.E.2d 278, 281 (1946) (holding that "sidewalk" is simply a part of the street set apart for pedestrians); *Marion Trust Co. v. City of Indianapolis*, 37 Ind.App. 672, 676, 75 N.E. 834, 836 (1905) ("While the term 'street' in ordinary legal signification includes all parts of the way—the roadway, the gutters, and the sidewalk—yet · the term 'sidewalk' has come to be generally used in this country for the purpose of designating a footway for passengers at the side of a street or road."); *Blackburn v. Swift*, 457 S.W.2d 805, 807 (Mo.1970) (holding that "sidewalk" is that part of a street that has been set aside for use by pedestrians); *City of Ord v. Nash*, 50 Neb. 335, 337, 69 N.W. 964, 965 (1897) (holding the term "sidewalk" denotes that portion of the highway that is set apart by dedication, ordinance, or otherwise for the use of pedestrians); *Ham v. City of Durham*, 205 N.C. 107, 108, 170 S.E. 137, 138 (1933) (holding "sidewalk" is a part of the street that town authorities have set aside for pedestrian use); *Pitzer v. Sears, Roebuck & Co.*, 66 Ohio App. 35, 38, 31 N.E.2d 450,

452 (1940) (holding that "sidewalk" is that portion of the street usually devoted to pedestrian travel, but is nevertheless a part of the "street"); *McCormick v. Allegheny County*, 263 Pa. 146, 150, 106 A. 203, 203, 204 (1919) (holding that "sidewalk" is used to designate a portion of highway that has been set aside for pedestrians as distinguished from that which is used by vehicles); *Blackburn v. Dillon*, 189 Tenn. 240, 241, 225 S.W.2d 46, 47 (1949) (affirming trial court judgment which held that a "sidewalk" is a part of the street usually constructed as part of a street at or along the side of the part thereof especially designed and constructed for the passage of vehicles and animals).

Here, the walkway upon which Lloyd was walking in City Park was not located at or along the side of a road, street, or highway. For that reason, the district court was correct in ruling that the walkway is not a "sidewalk" for the purposes of section 364.12(2)(b).

The facts here are similar to those in *Stabley v. Huron–Clinton Metropolitan Park Authority*, 228 Mich.App. 363, 364, 579 N.W.2d 374 (1998), *appeal denied*, 459 Mich. 971, 591 N.W.2d 41 (1999). There, the plaintiff fell while roller-blading on a paved path in a park. *Stabley*, 579 N.W.2d at 375. The plaintiff sued for damages under a statutory exception to government immunity that holds municipalities liable for injuries stemming from negligently maintained sidewalks. *Id.* The defendants moved for summary judgment, contending the paved path was not a sidewalk, and therefore the governmental immunity exception did not apply. *Id.*

As here, the issue in *Stabley* was whether a paved trail running through a park is a "sidewalk." The trial court concluded the trail was not a sidewalk within the meaning of the statutory exception to governmental immunity. *Id.* The appellate court agreed, concluding that

> linking the word "sidewalk" with an adjacent road is in accord with the common and approved usage of the word.

Plaintiff's fall did not occur on the portion of the trail that runs adjacent to the roadway, but rather on the portion that runs through the wooded interior of the park. Because plaintiff's fall did not occur on a pedestrian way that ran alongside a public roadway, plaintiff's fall did not occur on a "sidewalk" [within the meaning of the statutory exception to the governmental immunity statute]. . . . Consequently, defendants are entitled to immunity.

*Stabley*, 579 N.W.2d at 377 (citations omitted).

We conclude the district court did not err in finding the walkway in question here is not a sidewalk within the meaning of Iowa Code section 364.12(2)(b).

## V. The Instruction Regarding Immunity Under Iowa Code Section 668.10.

█ The plaintiffs also contend the district court erred in giving the jury a municipal immunity instruction under Iowa Code section 668.10(2) (1995). In support of their contention, the plaintiffs argue that the city was not entitled to such an instruction because the walkway was not a highway, street, or road.

**A. Background.** The district court instructed the jury that, "[i]f the municipality proves it has complied with its policy or level of service for snow and ice removal, or placing sand, salt or other abrasive material on its walkways, your verdict will be for the City on this issue."

The district court gave the instruction pursuant to section 668.10, which provides in part:

> In any action brought pursuant to this chapter, the state or any municipality shall not be assigned a percentage of fault for any of the following:
>
> . . . .
>
> 2. The failure to remove natural or unnatural accumulations of snow or ice, or to place sand, salt, or other abrasive material on a *highway, road, or street*, if

the state or municipality establishes that it has complied with its policy or level of service for snow and ice removal or placing sand, salt or other abrasive material on its *highways, roads, or streets.*

Iowa Code § 668.10 (emphasis added).

We have interpreted this provision to mean that

a city has immunity from liability for a suit based on negligence in its failure to remove "natural or unnatural accumulations of snow or ice" if it meets three requirements: (1) the snow or ice in question was on a highway, road, or street; (2) the city had a policy or level of service for snow and ice removal; and (3) the city complied with that policy or level of service.

*Humphries,* 566 N.W.2d at 872.

The issue here centers on the first part of the test: whether the snow or ice in question was on a highway, road, or street. The plaintiffs contend that, even if section 364.12(2)(b) (Supp.1995) is inapplicable, the liability shield afforded by section 668.10(2) (1995) does not apply because the walkway in question was not a "highway, road or street." They claim the instruction barred the jury from considering the city's liability under other provisions of Iowa Code section 364.12(2) (Supp.1995). For reasons that follow, we agree.

**B. Analysis.** Iowa Code section 364.12(2) imposes upon the city the duty "to keep all public grounds, streets, sidewalks, alleys, bridges, culverts, overpasses, underpasses, grade crossing separations and approaches, *public ways,* squares, and commons open, in repair, and free from nuisance...." Iowa Code § 364.12(2) (emphasis added).

Apparently, the district court viewed this language as imposing a duty on the city to keep the walkway free of any dangerous condition. We say this because the court gave a marshaling instruction that required the plaintiffs to prove that (1) a dangerous condition existed on the walkway, (2) the city had actual knowledge of the condition or the condition existed for such a period of time that the city in the exercise of ordinary care should have discovered it, (3) the city had a reasonable opportunity to correct the condition and did not, (4) the failure to correct the condition was a proximate cause of Lloyd's injury, and (5) the amount of damage.

In a separate instruction, the district court told the jury that "[a] condition is dangerous if its character and location is such that a reasonably careful person should anticipate it would likely cause injury to a person using the walkway." In another separate instruction, the district court told the jury that, "[o]nce a walkway has been placed, created, or installed, the municipality has a duty to use ordinary care to maintain it" and that "a violation of this duty is negligence."

■ Neither party objected to these instructions. For that reason, they became the law of the case. *See Pollmann v. Belle Plaine Livestock Auction, Inc.,* 567 N.W.2d 405, 411 (1997).

The immunity instruction, of course, allowed the jury to find for the city if it found the city had complied with its policy or level of service for snow and ice removal, or placing sand, salt, or other abrasive material on its walkways. There was evidence that it had complied with such policy. And the jury found for the city. Obviously then, prejudice resulted if the district court should not have given the instruction.

**1. Is the walkway a road or a street?** Iowa Code section 306.3 provides:

As used in this chapter *or in any chapter of the Code relating to highways:*

. . . .

10. *"Road"* or *"street"* means the entire width between property lines through private property or designated width through public property or every way or place of whatever nature when any part of such way or place is open to

the use of the public, as a matter of right, *for purposes of vehicular traffic.* Iowa Code § 306.3 (1995) (emphasis added). The parties do not dispute that this provision is applicable to section 668.10(2).

It is undisputed that the walkway in question is not a street or road because it was not intended to be open to the public for vehicular traffic. Additionally, there was no evidence that it was actually so open. Left for our consideration, then, is whether the walkway qualifies as a "highway."

**2. Is the walkway a highway?** There is no applicable statutory definition of "highway." The dictionary defines "highway" several ways: "1. a main road, [especially] one between towns or cities .... 2. any public road or waterway. 3. any main or ordinary route, track, or course." Webster's Encyclopedic Unabridged Dictionary 903 (1996). We think the legislature had in mind the first meaning: "a main road, [especially] one between towns or cities."

▮ We look to the context in which the word is used when interpreting its meaning. *See Lauridsen v. City of Okoboji,* 554 N.W.2d 541, 544 (Iowa 1996). In applying this rule, we note that the first meaning is consistent with the statutory definition of road or street. The connecting link between the three words—highway, road, or street—is that "each is open to the use of the public, as a matter of right for purposes of vehicular traffic."

Additionally, we note that the first subsection of section 668.10 provides immunity for the state and municipalities for the "failure to place, erect, or install a stop sign, traffic control device, or other regulatory signs." Iowa Code § 668.10(1). This subsection further provides for assigning fault to the state or municipality for its failure to maintain the device. This signals the legislature's intent to have section 668.10 apply to those thoroughfares where the public has a right to travel in vehicles.

Obviously, the walkway is not a "highway" under our interpretation of the word. Because the walkway is not a highway, road, or street, the municipal immunity afforded by section 668.10(2) does not apply. The district court therefore erred in giving the municipal immunity instruction and for reasons earlier stated, the error was prejudicial to the plaintiffs' rights. Accordingly, we must reverse and remand for a new trial.

## VI. Disposition.

In sum, we conclude the district court correctly ruled as a matter of law that the walkway is not a sidewalk for purposes of Iowa Code section 364.12(2)(b), thereby precluding the city's liability under that provision.

▮ The walkway is not a highway, road, or street for purposes of Iowa Code section 668.10(2). The district court therefore erred in giving the municipal immunity instruction pursuant to that provision. The error was prejudicial to the rights of the plaintiffs because the erroneous instruction allowed the jury to find for the city on the plaintiffs' theory of negligence. The district court should therefore have granted the plaintiffs' motion for new trial and its failure to do so constituted error.

Accordingly, we reverse and remand for a new trial.

**REVERSED AND REMANDED.**