**IN THE COURT OF APPEALS OF IOWA**

No. 21-0765
Filed March 2, 2022


**CORNBELT RUNNING CLUB,**
    Plaintiff-Appellant,

**vs.**

**CITY OF RIVERDALE,**
    Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham,

Judge.


        Cornbelt Running Club appeals the district court's finding that a paved path

on the City of Riverdale's public right of way is not a "street." **AFFIRMED.**



        John T. Flynn of Brubaker, Flynn & Darland, P.C., Davenport, for appellant.

        Paul L. Macek of Hopkins & Huebner, P.C., Davenport, for appellee.



        Heard by Vaitheswaran, P.J., and Greer and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

What is a street? This appeal turns on that deceptively straightforward question.

The City of Riverdale fenced and gated a portion of a public right of way adjacent to South Kensington Street to prevent bicyclists and runners from using a five-foot-wide asphalt-paved path within the right of way as a short cut between two recreational trails. The street, right of way, paved path, and fence are depicted in the following diagram, with the path denoted by the dark strip ending in a triangle and the fence denoted by the line bisecting the dark strip:



Cornbelt Running Club sued the City, claiming the fence amounted to an improper closure of the street and constituted a statutory nuisance. The Club sought injunctive relief and a writ of mandamus ordering removal of the fence. Both sides moved for summary judgment. The district court denied the Club's motion and granted the City's. The court stated the only question it was "called . . . to answer" was whether "th[e] paved path does in fact qualify as a 'road' or 'street.'" The court explained "this is a purely legal question, and the relevant facts for making this determination are not disputed." Applying the statutory definition of street contained in Iowa Code section 306.3(8) (2020), the court concluded:

> On its face, this definition does not include the paved path coming off the end of the asphalt-paved portion of the South Kensington Street Right of Way. While the asphalt-paved portion of this right of way is undoubtedly "open to the use of the public, as a matter of right, for purposes of vehicular traffic," this definition only extends the meaning of "road" or "street" to "the entire width between property lines" of the public right of way. The definition says nothing about extending the definition of road or street to the entire length of the right of way. Additionally, this path itself is clearly not intended for vehicular use. It is much too small for any motorized vehicle other than a motorcycle to fit onto it, and there is no evidence that the City intended the path to be used by such vehicles.

(Citation and emphasis omitted). The Club moved for enlarged findings and conclusions. The court denied the motion.

On appeal, the Club argues the district court "erred when it held that the definition of a 'road' or 'street' under Iowa Code section 306.3(8) is limited to 'the entire width between property lines' of the public right of way, but that section 306.3(8) does not extend the definition of road or street to 'the entire length of the right of way.'" In its view, "The undisputed facts prove that the construction of the fence, gate and bollards across the sidewalk located on the portion of the platted

street right of way of South Kensington Street created a nuisance." The City responds that the paved path could not be a street because it is not "open to vehicles" and "[a] fence is only a nuisance if, in the context of this case, it crosses a street." Both sides agree on the scope and standards of review. *See Goodpaster v. Schwan's Home Serv.*, *Inc.*, 849 N.W.2d 1, 6 (Iowa 2014) ("Summary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law."); *Emmet Cnty. State Bank v. Reutter*, 439 N.W.2d 651, 653 (Iowa 1989) ("[W]hen the facts are undisputed and the only issue is what legal consequences flow from those facts, entry of summary judgment is proper.").

A city's powers and duties, delineated in Iowa Code chapter 364, include the duty to keep various public areas "free from nuisance." Iowa Code § 364.12. "[C]ities can be liable for creating a public nuisance." *See Sisco v. Iowa-Illinois Gas & Elec. Co.*, 368 N.W.2d 853, 858 (Iowa Ct. App. 1985) (interpreting *Lacey v. City of Oskaloosa*, 121 N.W. 542, 544 (1909)). For purposes of this case, a nuisance means "[t]he obstructing or encumbering by fences, buildings, or otherwise the public roads, private ways, streets, alleys, commons, landing places, or burying grounds."[1] Iowa Code § 657.2(5). Both sides limit their discussion to "street."

The nuisance statute does not define a street. As mentioned, the district court turned to the definition contained in Iowa Code chapter 306, titled

---

[1] The Club does not rely on any other statutory nuisance provision or raise a common-law nuisance claim.

"Establishment, Alteration, and Vacation of Highways." Preliminarily, we consider whether this chapter applies to a city street.

Iowa Code section 306.3, styled "[d]efinitions used throughout the Code," applies to all chapters "relating to highways," but does not define the term "highway." Instead, "highway" appears to be a catch-all word encompassing "[i]nterstate roads," "[m]unicipal street system[s]," "[p]rimary roads," "[p]ublic road right-of-way[s]," "[r]oad[s] or "[s]treet[s]," "[s]econdary roads," and "other state land road system[s]," including [s]tate park[s] and [s]tate institution[s]." *See id.* § 306.3(4)–(10).

The supreme court held just that in *Christenson v. Iowa District Court for Polk County*, 557 N.W.2d 259, 262 (Iowa 1996). The court stated, "The terms 'street' and 'highway' are defined in the Code as interchangeable terms identifying every way or place open to the public for vehicular traffic." *Christenson*, 557 N.W.2d at 262. Citing chapter 306, the court underscored the expansive nature of the definitions as well as the ability of cities to "exercise jurisdiction over highways as so defined." *Id. Christensen* leads us to conclude the district court did not err in invoking the section 306.3(8) definition of "street" notwithstanding the chapter's putative limitation to "highways." *See Hoskinson v. City of Iowa City*, 621 N.W.2d 425, 431 (Iowa 2001) (considering "the context in which the word is used" to "interpret[] its meaning").

Section 306.3(8) states:

> "Road" or "street" means the entire width between property lines through private property or the designated width through public property of every way or place of whatever nature if any part of such

way or place is open to the use of the public, as a matter of right, for purposes of vehicular traffic.[2]

As noted, the district court focused on two phrases: (1) "the entire width" and (2) "vehicular traffic." We agree with the City that the key question is whether the paved path was "open to the use of the public, as a matter of right, for purposes of vehicular traffic."

Iowa Code section 321.1(90), defines a "[v]ehicle" as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway," but pertinently excludes "[a]ny device moved by human power, including a low-speed electric bicycle."[3] The summary judgment record contains no indication vehicles as so defined had access to the path. While the Club points to the ability of emergency vehicles to enter the path, our motor vehicle statute affords emergency vehicles special rights with regard to the rules of the road. *See id.* § 321.231. We conclude the district court did not err in determining the paved path was not a street because it was not open to the public as a matter of right for purposes of vehicular traffic.

---

[2] Iowa Code section 321.1(78) similarly defines "[s]treet or highway" as "the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic."

[3] Section 321.1(40)(c) defines a bicycle as

> (1) A device having two or three wheels and having at least one saddle or seat for the use of a rider which is propelled by human power.
> (2) A low-speed electric bicycle.

We recognize the definitions within chapter 321 only apply "when used in this chapter." *See* Iowa Code § 321.1; *Hoskinson*, 621 N.W.2d at 427. But the chapter is relevant here because it specifies the law of the road for motor vehicles.

In reaching this conclusion, we have considered the Club's argument that certain sidewalks have been found to be part of a street even though they are not designed to transport vehicles. *See Cent. Life Assurance Soc'y of the U.S. v. City of Des Moines*, 171 N.W. 31, 32 (Iowa 1919) ("A sidewalk is a part of the street, exclusively reserved for pedestrians, and constructed somewhat differently than other portions of the street, made use of by animals and vehicles, generally. It is paved differently, that the public may be better served by maintaining the two portions of the way separately. Whatever may be the difference, it constitutes a part of the street."); *Warren v. Henly*, 31 Iowa 31, 37 (1870) ("A sidewalk, so called, is a part of the street. The fact that it is exclusively reserved for foot passengers, and is usually paved and constructed in a manner different from other parts of the street used for horses and vehicles, does not require it to be regarded as no part of the street."). The supreme court distinguished those opinions in *Hoskinson v. City of Iowa City*, 621 N.W.2d 425 (Iowa 2001). There, the court was asked to decide whether a walkway in a city park was a "sidewalk" and hence a street for purposes of invoking the City's obligation to maintain it. *Hoskinson*, 621 N.W.2d at 426. The court stated, "The great majority of cases that have defined 'sidewalk' have [ ] concluded that the word refers to a walkway that is a part of the street or is at or along the side of the street." *Id.* at 428. In contrast, the court stated, the park's walkway "was not located at or along the side of a road, street, or highway" and "the district court was correct in ruling that the walkway [was] not a 'sidewalk.'" *Id.* at 429.

Why would it matter that a sidewalk be situated "at or alongside of the street" to be considered a street? Because the condition and use of sidewalks along a

street may affect the flow of vehicular traffic. *See id.* at 431 (stating "[t]he connecting link between the three words—highway, road, or street—is that each is open to the use of the public, as a matter of right for purposes of vehicular traffic"); *Gates v. City Council of Bloomfield*, 50 N.W.2d 578, 584 (Iowa 1951) ("A 'street' is a public way from side to side and from end to end, and any private use thereof which in any degree detracts from, hinders, or prevents its free use as a public way to its full extent is within the meaning of the law an obstruction or incumbrance.") (quoting *Lacey v. City of Oskaloosa*, 121 N.W. 542, 544 (Iowa 1909)); *Pugh v. City of Des Moines*, 156 N.W. 892, 896–97 (Iowa 1916) ("The authorities seem uniform in holding that a person cannot carry on his business in a public street in such a way as to obstruct the street, either by placing actual physical obstructions upon it, or even in such a way as to collect crowds upon the walk, or in front of his business, or so as to interfere with the public travel. . . . If the restrictions and regulations for the use of automobiles upon the public highways provided for [by statute] were the only regulations and restrictions that could, under any circumstances, be made binding upon a citizen or user of the public streets in the crowded thoroughfares of a large city, then the city would be powerless to prevent the absolute obstruction of its streets by the standing and crowding of automobiles thereon, even to the extent of an absolute hindrance of the use of the streets, for their primary purpose."); *Brown-Kirkwood v. City of Cedar Rapids*, No. 06-1950, 2007 WL 3085799, at *3 (Iowa Ct. App. Oct. 24, 2007) ("[T]he statute includes the entire publicly-owned tract if any part of that tract is open for vehicles."). The paved path in this case did not hinder, obstruct or

otherwise affect the flow of vehicular traffic because there was no vehicular traffic on or adjacent to the path.

Our conclusion essentially resolves the Club's additional contention that the paved path abutted South Kensington Street when examined "from end to end" rather than "side to side." However the path is viewed, vehicular traffic ended before the path began. Accordingly, the path was not a street.[4] Our conclusion also resolves the remaining issues raised by the Club. Because the paved path was not a street, the district court correctly concluded the City's fence across the path failed to satisfy the definition of nuisance under Iowa Code section 657.2. We affirm the district court's grant of summary judgment in favor of the City.

**AFFIRMED.**

---

[4] We are not asked to decide whether the path was a "sidewalk" for purposes of the City's duty of repair and maintenance under Iowa Code section 364.12 or whether the City was immune for injuries caused on the sidewalk. *See Hoskinson*, 621 N.W.2d at 430 (addressing immunity instruction in the context of a personal injury action under Iowa Code section 364.12); *Blivens v. Sioux City*, 52 N.W. 246, 246–47 (Iowa 1892) ("It is [the city's] duty to maintain its sidewalks in a reasonably safe condition."); *see also Fulps v. City of Urbandale,* 956 N.W.2d 469, 474–75 (Iowa 2021) ("[A] lawsuit brought by an injured pedestrian against a city over a defective city sidewalk should not have been dismissed for failure to state a claim based on the public-duty doctrine.").